LEVI S. LOOMIS, Plaintiff in Error, *v.* COLEMAN *et al.*, Defendants in Error.

1. *School law — Teachers, employment of — Board of directors — Contracts of, for succeeding year.*—A board of school directors have no power to contract for the services of a teacher after their successors in the school board have been elected and qualified, even though the contract of the old board be made before the commencement of the next school year, *i. e.*, before the third Saturday of April. (Sess. Acts 1870, p. 158, § 98.) The assumed action of the old directors in such a case would be *ultra vires* and void.

*Error to Washington Circuit Court.*

*G. I. Van Alen,* for plaintiff in error.

*Reynolds & Relfe,* for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff originally brought this suit before a justice of the peace, for two months' wages as a school teacher, against the defendants, who were the school directors.

In the justice's court plaintiff had judgment, but on an appeal to the Circuit Court there was a finding and judgment for the defendants. The record develops the following facts: The plaintiff entered into a written contract with William Jenkerson and Willis T. Bolduc, as school directors of the district, to teach the public school for the term of four months, commencing April 10, 1871, for the sum of $40 a month, to be paid monthly. Jenkerson and Bolduc, together with one Tebo, were directors for the school year ending on the third Saturday in April, 1871, and the contract of employment was signed on the tenth day of April, 1871, after new directors for the district (the defendants) had been elected and qualified for the year commencing the third Saturday in April,

1871. On the tenth day of April, 1871, the day on which the plaintiff commenced teaching, the defendants, acting in their capacity as school directors, went to him and notified him not to teach; that they did not recognize his contract and would not employ him, and that they had already engaged another teacher. Plaintiff told them that he relied upon his contract and would continue to teach. Defendants never had any further communication with him, but they employed another teacher, furnished her a school-house, and had school taught for the four months in the scholastic year, beginning on the third Saturday in April, 1871, for which they gave her a certificate, as required under the contract and the law.

It is very evident that the only question in controversy is whether the contract between the plaintiff and the old board of directors was binding on their successors. Plaintiff insists that because the statute provides (Sess. Acts 1870, p. 158, § 98) that the school year shall commence on the third Saturday of April, therefore the old board continued in office till that time, and could make valid contracts engaging teachers, and thus anticipate the action of the new board. But section 2 of the school law (*id.* p. 140) fixes the time for holding the election for directors on the second Saturday of April, in each year, and requires the directors elected to qualify within five days thereafter. They may qualify, whenever they are notified of their election, in a shorter time, but it must be done within the limitations prescribed. The directors hold their office till their successors are elected and qualified, and the qualification of the new directors determines and supersedes the. powers of the old ones. In the present case the new board was elected on Saturday and qualified on the next succeeding Monday, before the contract was signed between the plaintiff and the old board. It is clear that the old directors were then out of office, and that their assumed action was wholly *ultra vires*.

Again, by section 14 (*id.* 142) it is made the duty of the directors in each sub-district, on or before the third Saturday in April, in each year, to forward to the township clerk an estimate of the amount of funds necessary to sustain the schools in their respective districts for a period of not less than four nor more

than six months.　This estimate is to be made and forwarded by the new directors, who will have control of the business, and the employment of the teachers, on a basis which they think their means and circumstances will justify.

The law only requires that a school for four months shall be taught in each year, and it was certainly the intention that the directors should have the employment of the teachers for the current year in which they were in office.

Here the old directors had hired their teacher, and had the school taught for four months during which they were in office, and they attempted to bind their successors by an employment which should last through their term.　We are satisfied that the proper construction of the statute is that the directors have no authority to employ a teacher for a period extending beyond the time when their office expires.　Section 98, defining when the school year shall commence, has no bearing upon the powers and duties of the directors.

As the case must be affirmed, it is useless to examine the question as to whether plaintiff pursued the proper remedy.

Judgment affirmed.　Judge Adams concurs.　Judge Bliss absent.