### CLARENCE Q. TAPPAN v. SCHOOL DISTRICT No. 1 OF CARROLLTON.

*Graded schools—Hiring teachers.*

The trustees of graded public schools can make binding contracts for teaching; and the provisions in the Primary School Law whereby the voters and the district board shall have full control of the schools during the entire school year do not apply to graded schools and cannot affect any contract for teaching made by the trustees before the year opened.

Case made from Saginaw. Submitted Oct. 22. Decided Oct. 27.

ASSUMPSIT.   Defendant had judgment.   Reversed.

*Tarsney, Tennant & Weadock* for plaintiff.

*Flanders & Wilber* for defendant.

GRAVES, J.   August 31, 1878, the defendant's trustees
entered into a written contract with Tappan to hire him to
teach defendant's school for the term of forty weeks begin-
ning on the first day of the school year, September 2d, at
$50 per month and board himself.   The school was organ-
ized as a graded one in 1873 and so remained.   He began
teaching under the contract on the second of September and
continued two days.   He was then dismissed by defendant's
trustees, but no cause was expressed.   September 24, 1879,
he brought this action for damages.   The circuit judge heard
the case upon the facts and refused to allow a recovery.

It is said that the trustees who contracted with Tappan
were not empowered to hire for any time beyond the current
school year to expire on the arrival of the annual meeting,
September 2d, and that the contract so made on the 31st of
August was not binding on the district after September first.
The view taken is that the statutes mean that either the
voters of the district or the board shall have full power to
control the school during the whole school year, beginning
on the first Monday of September, and exclusive of any
hindrance or interference from contracts made previously ;
and reference is made to the authority for hiring teachers
conferred by § 3616, and § 3604 as amended in 1875 (Pub.
Acts 1875, pp. 281–282), and § 3605.

Section 3616 provides for hiring teachers under the gen-
eral law regulating primary schools, and § 3604 provides
what may be done and transacted at annual meetings, and
declares among other things that the qualified voters shall
determine whether the school shall be kept "by male or
female teachers, or both" during the "ensuing year," and §
3605 provides that in case this is not determined at such
meeting the board shall be empowered to determine it.

These provisions it is contended can only leave room to operate according to the intent by leaving the selection of teachers during each school year to the exclusive control of the board for that year except in so far as the annual meeting exercises lawful direction.

There is much force in this reasoning, but whether it is sound or not when confined to those primary schools which are not subject to the specific provisions intended for graded and high schools, it is not needful to discuss, because the essential provision on which it proceeds, so far as the present case is concerned, is not applicable to graded schools like the defendant's. The hiring of teachers for these schools is not left to the general statute. It is taken out of it and specially provided for by a distinct provision. By § 3744 the trustees of graded schools are empowered to employ all teachers necessary, and what teachers are necessary is left to be decided by their sound discretion.

The context and general purview equally require this construction and the general sense of the regulation is repugnant to the notion that the voters at annual meetings may decide what kind of teachers shall be employed.

In the case of graded schools the trustees are not annually renewed. The Legislature has seen fit to give the board more permanence. One-third only or two out of six go out yearly. A purpose to secure an administration for these branches more stable and efficient in the interest of education than is very common under the general law, is plain enough, and there is no implication of a design that the power of the board should be so fettered that no teaching to commence on the first day of the school year could be lawfully contracted for until the annual meeting on that day should be closed. On the contrary, it may be fairly argued that the Legislature contemplated that these schools would generally open on the beginning of the school year, and that the teachers would have to be contracted with in season therefor, and that some time would be necessary to enable the trustees to perform with due care the important duty of selecting and hiring. It is scarcely necessary to enlarge upon the question. The con-

tract appears to have been within the power of the trustees, and the record discloses nothing to impeach it. Neither the trustees nor the voters at the annual meeting had power to impair its obligation. Whether they resolved or not that none but female teachers should be employed is not important.

The finding contains no basis for a judgment here, and therefore it becomes necessary to reverse the judgment and order a new trial, the plaintiff in error recovering his costs of this court.

The other Justices concurred.