# C. C. CROSS

v.

## SCHOOL DIRECTORS.

*School Contract with Teacher for Term Extending into New School Year—Discharge—Action for Salary.*

1. School Directors have no power to employ a teacher just before the expiration of the school year for a term extending three months into the ensuing year.

2. In the case presented, it is *held:* That the plaintiff can not recover under his first contract, which was abandoned by mutual consent; that his discharge was not wrongful; and that he can not recover for the time taught, the cause of action set out being the wrongful discharge.

[Opinion filed September 10, 1887.]

IN ERROR to the County Court of Saline County; the Hon. BOEN PHILLIPS, Judge, presiding.

Declaration in assumpsit by plaintiff in error, containing two counts: The first alleges that on the 6th of March, 1886, a written contract was entered into by the plaintiff, a legally qualified school teacher, and the defendants, at a special meeting of said defendants as the Board of Directors of said district, employing the plaintiff to teach the public school in said district for a term of three months, commencing April 1, 1886, at $40 per month. That the plaintiff began his school under said contract April 1st, and continued it until April 12, 1886, when, by mutual consent of the plaintiff and the defendants, at a special meeting, said contract was discontinued as to the unexpired part of said term. The second alleges that on the 12th of April, 1886, a second written contract was entered into by the plaintiff and defendants at a special meeting, employing him to teach the public school in said district, for a term of three months, commencing on said date, at $2 per day. That the plaintiff began his school under said contract April 12th, and continued it until April 19, 1886, when the defendants discharged him from said school; that he was wholly unemployed during the remainder of the said three months, and has sustained $140 damages.

The above statement of the claims made by the plaintiff is sufficient to a proper understanding of the opinion of the court. The court below held the contract not binding upon the district and a verdict for defendants followed, upon which judgment was entered by the court and plaintiff sued out this writ of error to reverse such judgment.

Messrs. MARSH & SCOTT, for plaintiff in error.

Messrs. BOYER & CHOISSER, for defendants in error.

PILLSBURY, J. The first contract being abandoned by mutual consent, the plaintiff can not recover because he did not teach the full term of three months thereunder. The second contract, entered into on the 12th day of April, engaging the plaintiff to teach for a term of three months thereafter, when the election for directors of the district would occur, under

the statute, on the 17th of the same month, and a new organi-zation of the Board of Directors then take place, was such an evident attempt upon the part of the out-going board to control the school for three months of the ensuing school year, irrespect-ive of the wishes of the pe ple that might be expressed at the election, or the desires of the new Board of Directors, then to be provided for, as to render it voidable by the incoming board, under the authority of the cases of Stevenson v. School Directors, 87 Ill. 255, and Davis v. School Directors, 92 Ill. 293. It would be a work of supererogation for us to attempt to add to, or enlarge upon, the reasons so clearly stated in those opinions why such contracts can not be upheld, and we have no desire so to do.

Directors can not be permitted, five days before the current school year expires, to hire a teacher, perhaps obnoxious to the people of the district, to teach a term of school extending three months or nearly so into the ensuing school year. The only doubt we have had about the correctness of the judgment of the court below, in favor of the defendants, arises from the fact shown that the plaintiff taught for the space of about three school weeks, under contracts, which, although voidable by the successors of those making them, would furnish the measure of the recovery so far as fulfilled, during the continuance in office of the directors making them.

A careful examination, however, of the declaration in the case, shows that the plaintiff below does not claim for the serv-ices actually performed, but makes the gravamen of his action the wrongful discharge by which he lost prospective gains and profits that otherwise he would have made. No common counts appear in the declaration, and no such breach of the special contracts is alleged as would authorize a recovery for the money due him for the time actually engaged in teaching.

Minor alleged errors of the court are not further noticed, as the plaintiff could have not recovered even if such errors had not been committed. Davis v. School Directors, *supra.*

Perceiving no error for which the judgment below should be reversed, it will be affirmed.

*Judgment affirmed.*