CLARENCE E. CLEVELAND v. EDWIN M. AMY, ASSESSOR
OF SCHOOL-DISTRICT No. 8 OF THE TOWNSHIP
OF TEKONSHA.

*Schools and school-districts—Contract with teacher—Election of officers.*

1. The district board of a primary school-district has power to contract with a qualified teacher for such term during the ensu-

ing year as shall be determined by the qualified voters of the district at the annual school meeting thereafter to be held.[1]

2. The term "all other school officers," as used in Act No. 18, Laws of 1885 (3 How. Stat. § 5132), which provides "that in the election of trustees, and *all other school officers*, the person receiving a *majority* of all the votes shall be declared elected," includes the director, moderator, and assessor of primary school-districts.

3. The power to employ teachers conferred by How. Stat. § 5065, upon the district boards of primary schools, is co-extensive with that conferred by How. Stat. § 5134, upon the boards of trustees of graded schools.

*Mandamus.* Submitted November 5, 1891. Granted November 13, 1891.

Relator applied for *mandamus* to compel respondent to pay an order for teacher's wages. The facts are stated in the opinion.

*John C. Patterson,* for relator.

*A. A. Ellis,* Attorney General, and *H. E. Winsor,* for respondent.

PER CURIAM Relator is a school-teacher, and on the 31st day of August, 1891, entered into a written contract with Daniel B. Sanders, P. H. Doyle, and the respondent, who then constituted the district board, to teach the school in said district, commencing on September 7, during the term to be voted by the district at the annual meeting. An order was duly issued by Mr. Doyle as moderator, and Mr. Sanders as director, drawn upon

---

[1] How. Stat. § 5052, subd. 11, authorizes the qualified electors of a primary school-district, at the first and annual meetings *only*, to determine the length of time a school shall be taught in the district during the ensuing year, which time is graded according to the number of children of school age in the district, but cannot be for less than three months. In case the voters fail to make such determination, the district board is required to perform that duty; and, if the district fails to vote for at least the minimum length required, the board must make provision for such minimum length of school.

respondent as assessor, for the payment to relator of a certain sum due him as wages. The assessor declined to pay, and relator petitions for a writ of *mandamus* to compel such payment.

Two reasons are given for the refusal to pay the order:

1. That the contract with the relator was made with the old board, and they had no authority to contract for the year after the terms' of two of the board would expire.

2. That at the annual election held in September one D. E. Chipman was elected director and one W. B. Durham was elected moderator; that they duly qualified; and, therefore, that Sanders and Doyle were not members of the board, and had no authority to act.

1. The difficulty in securing competent teachers, if school boards were obliged to wait until the annual meeting in September, is apparent. It is exemplified in this case, where the relator had taught in this school for two years, and could not wait for the annual meeting, as he had other opportunities offered him. There is usually no change in the majority of the board, as only one officer is elected annually. The term of Sanders expired by limitation, and Doyle had been appointed to fill a vacancy. The question would hardly arise, except under circumstances like the present.

It was decided in *Tappan v. School-district,* 44 Mich. 500, that the trustees of graded public schools can make binding contracts for teaching before the year opens. The reasoning in that case applies with equal force to the present one. The power to employ teachers conferred by statute upon the district boards of primary schools is co-extensive with that conferred upon the boards of trustees of graded schools. In the former case the law reads:

"The district board shall hire and contract with such duly qualified teachers as may be required." How. Stat. § 5065.

In the latter case the law reads:

"It shall be the duty of the board of trustees    *    *    * to employ all qualified teachers necessary for the several schools." How. Stat. § 5134..

No power is now conferred by statute upon the voters at an annual meeting to determine whether the school should be kept by a male or female teacher, as was the case when *Tappan v. School-district* was decided. In the case of graded schools, one-third of the trustees go out yearly, and the same is true of the officers of the primary school-districts. The old board, therefore, had power to make the contract for the ensuing year for such term as should be voted at the annual meeting.

2. It was decided in *Conrad v. Stone*, 78 Mich. 635, that, in the absence of any statutory provision expressly requiring more, a plurality of votes cast will elect. The Legislature enacted in 1883 that in the election of all school officers the person receiving the highest number of votes should be declared elected. Act No. 28, Laws of 1883. This act was an amendment to the general school law. How. Stat. § 5132. This section was again amended in 1885, and provides—

"That in the election of trustees, and all other school officers, the person receiving a majority of all the votes shall be declared elected."

The term "all other school officers" must be held to mean the moderator, director, and assessor, who comprise the board of the primary school-district. There are none others to whom it could refer. The trustees are the only officers to be elected in graded school-districts. This section was one of "An act to revise and consolidate the laws relating to public instruction and primary schools, and to repeal all statutes and acts contravening the provisions of this act," and the amendment included all officers to be elected under its provisions. Chipman and

Durham did not receive a majority of all the votes cast. There was therefore no election, and the old officers held over.

A writ of *mandamus* will issue as prayed.