## ANDREW MILLIKIN

v.

## THE COUNTY OF EDGAR.

*Contracts—Breach by County Supervisors—Employment of Poor-House Keeper.*

Upon the ground of public policy, a county board is incapable of appointing a poor-house keeper for the term of three years.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Edgar County; the Hon. C. B. SMITH, Judge presiding.

Messrs. H. S. TANNER, H. S. CLARK and DYAS & VAN DYKE, for appellant.

Messrs. JAMES A. EADS and HENRY VAN SELLAR, for appellee.

WALL, P. J. The appellant brought assumpsit against the appellee. The declaration alleged that on the 11th of April, 1889, the board of supervisors of said county appointed the plaintiff steward or keeper of the Edgar County poor house, including the insane department thereof, and the poor farm, for the term of three years, and for the services of plaintiff to be performed in that behalf agreed to pay him the sum of $1,700 per annum in quarterly installments; that the plaintiff gave bond with good sureties for the performance of his duties in the premises, and that he entered upon the execution of the undertaking on his part and faithfully performed all the duties imposed upon him, etc., until on the 6th day of March, 1890, when the said board of supervisors, without any just or reasonable cause, ordered the plaintiff to vacate, etc., and then and there, against his will, dispossessed him, etc.,

and refused to permit him longer to perform the duties under the said appointment, wherefore, etc.

The Circuit Court sustained a general demurrer to the declaration and rendered judgment against the plaintiff for costs, from which an appeal is prosecuted to this court; the question presented is as to the power of the county to make the alleged appointment for three years.

The county is an involuntary political division of the State, possessing limited powers, and created for the purpose of administering certain functions of governmental nature, one of which is the support of the poor. The power conferred by the State upon the county in this regard is one of important public concern. Its proper exercise is essential to the well being of society and it is necessary that the power should be held unimpaired. It was given to be exercised, not to be bartered away.

Appellant cites and relies upon Sec. 28, Clause 4, Chap. 107, R. S., which provides that the county shall have power " to appoint a keeper of the poor house and all necessary agents for the management and control of the poor house and farm, and prescribe their compensation and duties."

The authority herein granted does not in terms, or by necessary implication, embrace power to make the arrangement set out in the declaration.

While the provision is silent as to the term for which such appointment can be made, it must be presumed that the legislature, being cognizant of the rules applied by the courts to the subject generally, intended it should be strictly construed. The duty of caring for the poor is difficult of performance, and involves constant and intelligent supervision over the acts of the agents and servants necessarily employed for that purpose. The tendency to misuse the means furnished by the county and to mistreat the unfortunate creatures dependent upon the public for support, should be counteracted by the vigilant oversight of the county board, who should at all times retain control over their subordinates to the end that abuses affecting the county or its wards may be promptly corrected. If this important function may be so far delegated

as would be implied by the facts alleged in the declaration, the county would find itself divested very materially of the management of the affairs of the poor farm. A steward having such a tenure and having the inclination might be guilty of gross negligence or wilful misconduct, and unless the board had such proof as would support a plea to that effect they would be compelled to submit to a state of affairs calculated to disgrace the public service and to inflict great wrong upon the county poor and insane.

The board should not place itself in a position where its authority could be so defied, nor should it neglect the plain duty imposed by the statute by attempting to delegate it to a mere steward.

It has been held that school directors are incapable of making contracts with teachers to extend substantially beyond the current year. Stevenson v. School Directors, 87 Ill. 255; Davis v. School Directors, 92 Ill. 293.

Much of the reasoning employed in these cases would be applicable as against the power to make the appointment here declared on. See also City of E. St. Louis v. E. St. L. G. & C. Co., 98 Ill. 415.

We do not feel called upon to attempt a statement of the precise limits and conditions to be regarded by the county board in performing the duty of supporting the poor, but we have no hesitation in saying that the appointment here alleged was so far in excess of what is safe and judicious and so calculated to breed abuse and misfeasance, that upon the clearest grounds of public policy it should be held void.

The demurrer was properly sustained.

*Judgment affirmed.*