CARL SMITH *vs.* SCHOOL DISTRICT NO. 57 IN SUSSEX COUNTY.

*Duties of School Committees—Employment of Teachers.*

1.   Our statute (*Rev. Code, 325*) contemplates the school committee as a body, acting together as such, in an official capacity ; and not as acting separate from each other individually.   In the employment of teachers, therefore, the contract, to be valid, should either be made at a meeting of the committee in the first instance, or else be ratified at such a meeting of the committee ; of which meeting all the committee should have notice and the opportunity to attend ; and at which a majority must be present and act.

2.   Our free school system and public policy both plainly demand that the school committee for any year should engage teachers only for that year, and should not make contracts commencing in the year of their successors.

(*October 11, 1898.*)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*Woodburn Martin* and *C. W. Cullen* for plaintiff.

*Robert C. White* and *Edward D. Hearne* for defendant.

Superior Court, Sussex County, October Term, 1898.

ACTION of assumpsit (No. 58, Oct. T. 1896).

The above action was originally brought against "Charles T. Wheatly and Daniel Hitchens, Commissioners, and John E. James, Clerk, the committee of School District No. 57 in Sussex County, Delaware." Prior to the trial plaintiff's counsel moved to amend their narr by striking out in the caption the words, "Charles T. Wheatley and Daniel Hitchens, Commissioners, and John E. James, Clerk, the Committee of."

*Ency. Pl. and Pr.*, *540* (under "Misdescription of Defendant"); *Walker vs. School District No. 7, New Castle County, 2 Houst., 21.*

Mr. White, for defendants, opposed the amendment, contending that it would change the parties. *Hughes vs. Diamond Match Company, 1 Pennewill's Del. Reports, 140.*

LORE C. J :—The application is to amend the narr by striking out the names of the committee, so that the action will be against School District No. 57 in Sussex County. Without passing upon the question as to whether or not your suit is properly brought, we will allow the amendment proposed. The other question is a matter to be determined hereafter.

The amended narr recited in substance the facts hereinafter set forth, but contained no allegation that said school district, the defendant, was a corporation of the State of Delaware.

The case came on for trial upon the following pleas : Non assumpsit, payment, release, accord and satisfaction, statute of limitations ; Reps. and issues filed.

Plaintiff proved that he was a properly qualified public school teacher holding a certificate from the Superintendent of Public Schools for Sussex County ; that he taught the school in District No. 57, in Sussex County, from September 15, 1894, until the latter part of March, 1895, when the appropriation was ex-

hausted, and by request that he then taught a private school in the said district, for a month or more.

That a few days before the close of his private school, (which was prior to the annual school election for 1895), the plaintiff in company with W. P. Waller, clerk of said district, went to the house of Mr. Lowe, one of the commissioners, and made application for the position of teacher for the school year beginning September, 15, 1895, and continuing as long as the school appropriation should last. That he was accordingly hired by said clerk and said commissioner at thirty-five dollars per month. That a few days thereafter the clerk, Mr. Waller, and the plaintiff went to see a Mr. C. T. Wheatley, the other commissioner of said district, at his house, and that plaintiff there asked Mr. Wheatley if he had any objection to his teaching the school for the next term. He said he had not. Mr. Waller stated to Wheatley that Mr. Lowe and himself had agreed that Smith could have the school and had hired him for that term for $35 a month, and wanted to know if he had any objection. Wheatley seemed to think that that amount was a little too much and stated that $100 a quarter would be good pay and that they could get good men for the latter sum ; but finally after further conversation with plaintiff Wheatley said : "Well, if Mr. Lowe and Mr. Waller agreed for you to have the school I agree too." Waller then said to Wheatley, "Now you consider that Carl has the school for this next term," and Wheatley said "I do."

Plaintiff thereupon went to Ocean City, Md., and secured a position as telegraph operator during the summer. Having received notice from Mr. Waller, the clerk of said district No. 57, to commence teaching said school on September 16th, he left Ocean City on the 14th, and began teaching on September 16th, and taught that day and also on the 17th

On Wednesday September 18th, upon going to the school house, Smith found the doors of the same barred and the place securely locked and fastened. To use the language of the plaintiff, "I went and tried the key in the lock and was forewarned by Mr. Wheatley and Mr. Hitchens, the newly elected commissioner, that I could not teach that school.

"I asked why, and he said they had never hired me to teach the school. Mr. Wheatley said that he had no objections at all to my having the school and had heard no complaint against my work, but said he had not hired me ; and said that in the meantime he had been to Georgetown and had received counsel that I could not teach the school ; that they could lock the house up and forewarn me from going in and that I could not teach the school. On those grounds I left the school."

It was further in evidence that plaintiff had sought a school elsewhere but could not secure a place as teacher ; that he continued to hold himself ready to perform his part of the contract, which he had no opportunity to do, and that he had received nothing on said contract.

The plaintiff then rested.

*Mr. White*, for defendant, moved for a non-suit for the following reasons :

*First.* Because there was no allegation in the narr that School District No. 57 was a corporation of this State and there had been no proof adduced, showing that it was a legally existing party. That the records of the Levy Court filed with the Clerk of the Peace, if produced, would have shown whether or not such a school district as No. 57 existed in Sussex County.

*Second.* The individuals composing the school board have no power to act so as to bind the district except when they are convened as a board ; and any contract made by them when not thus convened, unless it is afterwards fully approved and affirmed when legally in session, is invalid.

*21 Amer. and Eng. Encyclopedia, 755; Steinback et al. vs. Treasurer, etc., 22 Ohio St., 144; School District vs. Bennett, 52 Ark., 511; 126 Ind., 528; 8 Ind., 504; 47 Mich., 626; 33 Ia., 105; 86 Ia., 686; 4 Pa. R., 472; 98 Pa. St., 444; 70 Pa. St., 229.*

*Third.* School directors have no power to make contracts for the employment of teachers for terms to commence beyond the expiration of the current school year, but they may make a contract for teaching a term extending a reasonable time beyond the current school year when made in good faith and not for the

purpose of divesting their successors of the power to select a teacher.

*21 Amer. and Eng. Encyclopedia, 756; Davis vs. School Directors, 92 Ill., 293; Loomis vs. Coleman, 51 Mo., 21; 4 Ill. Ap. 224; 4 Ill. Ap., 191; 36 Conn. 280; 67 N. Y., 36; 16 Wis., 336; 44 Mich., 500; 63 Barb., 177; 7 Wend., 131; 106 Ind., 478; 88 Mich., 374.*

*Mr. Martin,* counsel for plaintiff replied :

*First.* That the defendant was a quasi-corporation. *Clark on Corporations, 31* ; *School Dist. No. 7 vs. Walker, 2 Houst., 21.*

Therefore, that inasmuch as the defendant had filed no affidavit denying defendant's incorporation, the same was thereby admitted. *Rev. Code Ch. 106, Sec. 6.*

*Second,* The Statute (*Rev. Code, Ch. 42, Sec. 11*) makes no provision for a meeting of the members of a school committee either for the purpose of employing a teacher, or for the performance of any other duty devolved upon it, but it does provide that " the acts of a majority (two) of the school committee shall be as effectual in *all cases,*" viz., whenever any two of the members should meet, casually or by appointment, at any time and place and determine any act to be performed by them, as the school committee, " *as if done by them all*" (*par. 6*).

This has been the universal construction of the law by the school committees, and the custom observed by them in the employment of teachers, few if any, of whom have been employed by a school committee when convened as a board.

The hiring of plaintiff was done unanimously. The committees are required by the statute "to do all acts requisite for affecting the premises," viz.—the employment of a teacher, etc.

It was not proved that a school committee of this district had at any time ever been convened as a board for any purpose whatever, and, therefore, admitting the argument of the defendant, the acts of a majority of the committee, in the absence of any such meeting, whenever and wherever done were "as good

and effectual as if done by them all," because it was incumbent upon them to employ a teacher.

This is a large district; the members of the School Committee live a great distance apart; they receive no compensation for their services; they are farmers, and not only at the time this contract was made, but until the beginning of the school term in the month of September following they were engaged in planting, cultivating, and harvesting their crops, so that it would have been almost impossible to have secured their attendance upon the committee when convened as a board, and, therefore, it was "*requisite*" that the employment of a teacher be made in the manner it was done, and as teachers are usually employed in the rural districts.

The members of the school committee, the defendant, as the same was composed after the annual meeting of voters, which was held shortly after plaintiff was employed, had knowledge of the employment of plaintiff to teach the school that year, and as they neglected to notify the plaintiff of the rescision of his contract until the school term had begun, and he had been teaching two days (he having been instructed by the clerk of the district then in office to open the school); they affirmed it, and could not take advantage of their own laches.

After a teacher has opened a school, in accordance with the terms of his employment, he can only be dismissed by the committee for cause, and whether there was sufficient cause for the dismissal of plaintiff is a question of fact for the determination of the jury.

*Third.* Each member of the school committee in office at the time the contract was made, not only consented thereto but was a party to the employment of plaintiff, who was hired unanimously by the committee. A majority of the members of this committee held over and continued in office during the following school year, the time for which plaintiff was employed, and for which he seeks compensation. Their acts were as valid when done before the annual meeting of school voters as afterwards, because they were both before and afterwards a majority of the

school committee, and had vested in them under the statute authority to employ a teacher either before or afterwards, and while they continued in office.

The life of this corporation is continuous, and the election of one new member annually does not thereby create a new school committee. *Rev. Code, Ch. 42, Sec. 6; Laws of Del., Vol. 13, Ch. 138, Sec. 2.*

Plaintiff taught the school in accordance with instructions received from the clerk of the district, for two days before he was ousted by the other two members of the committee, and is therefore, entitled to compensation for the same under the *quantum meruit* count in the narr.

Our school law is a statute law of this State, and cannot be interpreted by the statutes of any other states relating to schools, and therefore the citations of defendant are irrelevant.

LORE, C. J :—After hearing the evidence and the argument the Court consider that a non suit should be entered.

The statutes of this State clothe the "school committee," of each school district with power, "to provide a school for the district when, and as long as their funds will enable them ; and to employ teachers. They may dismiss a teacher. The acts of a majority shall be as effective in all cases as if done by all of them." *Rev. Code, 325.*

The statute contemplates the school committee as a body, acting together as such, in an official capacity ; and not as acting separate from each other individually. In the employment of teachers, therefore, the contract, to be valid, should either be made at a meeting of the committee in the first instance, or else be ratified at such a meeting of the committee ; of which meeting all the committee should have notice and the opportunity to attend ; and at which a majority must be present and act. Such contract may not rest in agreements made upon solicitation or otherwise, with the individual members of the committee apart from each other ; but only upon united action at a meeting duly convened. We so construe our statute. This construction

accords with the decisions of other states upon similar statutes. *21 Am. and Eng. Ency. Law 755*, and cases there cited.

Again, while we do not lay down any inflexible rule, in every case, that out-going commissioners may not make contracts with teachers, extending beyond the current school year and into the terms of the incoming commissioners; yet we do most emphatically say, that our free school system and public policy both plainly demand that the school committee for any year should engage teachers only for that year, and should not make contracts commencing in the year of their successors. That the new commissioners elected for the succeeding year, should have a voice in the employment of teachers for that year; and thereby have an opportunity to express the views of the school voters indicated in their election; the very purpose of which may have been to effect a change of teachers. By the observance of this rule, good teachers would not more readily be displaced, as a rule, but incompetency and favoritism could be met and remedied; and thereby the changing needs and exigencies of the school district met by a change of teachers and the adoption of more efficient methods. Other obvious reasons might be given if necessary. This doctrine is sanctioned by many authorities. *21 A. and E. Ency. of Law, 755*, and cases cited.

The alleged contract in the case before us was made with the outgoing commissioners individually; and was to commence in another year, and in the term of the incoming commissioners; and in addition, by a majority of the latter, was absolutely denied and repudiated.

For the above reasons, this case should not be submitted to a jury. Let the non suit be entered.