(No. 29474.—

MILDRED PACK, Appellant, *vs.* A. J. SPORLEDER *et al.,* School Directors, Appellees.

*Opinion filed May 21, 1946.*

S. S. DuHamel, and Barber & Barber, both of Springfield, for appellant.

Murphy & Murphy, of Carlinville, for appellees.

Mr. Justice Murphy delivered the opinion of the court:

Petitioner-appellant started this action in the circuit court of Sangamon county against A. J. Sporleder, Albert Dodd and S. W. Herron, as school directors of School District No .175 of that county, to obtain a writ of *mandamus* commanding the respondents to reinstate her as a teacher in the public schools of said district for the school year, September 1, 1944, to April 30, 1945. It is claimed that such right is fixed by the provisions of the amendment of 1941 to the School Law, referred to as the Teachers Tenure Law. (Laws of 1941, p. 1153.) Respondents moved to dismiss the petition. Their motion raised a question of law on which the cause was decided. A writ was awarded as prayed, but on appeal to the Appellate Court the judgment was reversed. The latter court granted a

certificate of importance and the cause is here for further review.

The facts alleged in the petition which respondents' motion to dismiss admitted to be true show petitioner had taught the probationary period of two years, as provided by section 127a of the School Law as amended; that after the completion of such period, petitioner entered into a contract with respondents whereby she was engaged to teach in respondents' school for the school year beginning September 1, 1943, at a salary of $140 per month. The contract provided that if the petitioner was dismissed by respondents for incompetency, cruelty, negligence or immorality, or her certificate should be revoked, all pay under the contract was to terminate. This contract was fully performed.

A few days before the end of the school year for which the foregoing contract had been made, and on April 21, 1944, respondents gave petitioner notice advising her that the board of directors had voted not to re-employ her as a teacher for the school term beginning September 1, 1944, and ending April 30, 1945. After the giving of such notice, there was an exchange of written demands between petitioner and respondents. The decision of this case depends on the effect given the notice dated April 21, and it will not be necessary to give the facts stated in the later notices and demands.

Petitioner contends respondents were without power to revoke her contractual rights under the Tenure Law, and if it should be determined they had the power, then the reasons assigned in the notice of April 21 were insufficient to authorize action. Respondents urge that petitioner had no rights under the Tenure Law which entitled her to a continued service and that the notice and reasons assigned therein were permissible under the law.

At the outstart it is necessary to determine which of the five sections of the Tenure Law is applicable to this

case. For many years prior to the adoption of the Tenure Law, there had been a well-marked distinction between the general powers of a board of school directors and the powers conferred on a board of education. Under section 114 of the School Law (Ill. Rev. Stat. 1935, chap. 122, par. 122,) a board of school directors was granted power in the seventh paragraph, "To appoint all teachers and fix the amount of their salaries." By the third paragraph of section 115, (par. 123,) they were vested with power "To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause." Section 127 (par. 137) directed that boards of education should have all the powers of school directors and be subject to the same limitations, and, in addition thereto, they should have certain additional powers, the eighth paragraph giving power "To dismiss and remove any teacher, whenever, in the opinion of the board of education * * * the interests of the schools may require it."

Sections 114, 115, 127 and 127a of the School Law were amended in the Tenure Law, retaining the prior numbers. Section 127¾ was new. The various paragraphs of sections 114, 115 and 127 have been rearranged in the School Code adopted in 1945 and appear as follows: the seventh paragraph of section 114 is section 6-22; the third paragraph of section 115 is section 6-36; the eighth paragraph of section 127 is section 7-13. There were certain provisions added to the foregoing paragraphs but they are not pertinent to this case. Section 127a of the School Law, being part of the so-called Tenure Law, is designated in the School Code as section 24-1, and section 127¾ is divided, being sections 24-2 and 24-3. (Ill. Rev. Stat. 1945, chap. 122.) The various sections will be designated by the numbers as they appear in the Laws of 1941, page 1153, *et seq.*

Sections 114 and 115 as amended by the Tenure Law were not changed in reference to the employment of teach-

ers by boards of school directors, except that the power of employment was to be exercised "subject to the limitations set forth in this act." The power to dismiss and the circumstances under which it could be exercised were not changed. Section 127 as amended by the Tenure Law deals with the power of boards of education, and the power of such boards in the employment of teachers or the grounds or circumstances under which they could be dismissed were not changed, except by a proviso it was directed "that the above named powers and duties relating to dismissal of employees shall be subject to the provisions of section 127¾ of this act."

The distinction between teachers' employment and their dismissal by boards of school directors and boards of education is clearly shown by comparing the provisions of section 127a with the provisions of section 127¾. The former contains an express limitation, limiting its provisions in reference to service of teachers, principals and superintendents employed by boards of school directors. Section 127¾ employs the word "board," and it is said that the word "board" shall mean boards of education or boards of school inspectors, as the case may be. Although section 127¾ does not contain an express provision limiting it to boards of education, it is clear that the restricted use of the word "board" eliminates the application of the statute to teachers employed by boards of school directors. Another fact which substantiates this construction is that section 127, in dealing with the power of a board of education to dismiss an employee, expressly provides that such power shall be exercised subject to the provisions of section 127¾. Although section 115 authorized boards of school directors to dismiss a teacher for certain specified reasons, there is no proviso that brings the exercise of the power subject to section 127¾. It is significant that when the first two paragraphs of section 127a became a

part of the School Law in 1927, (Laws of 1927, p. 823,) it was limited in its application to schools having a board of education or boards of school inspectors. When it was included in the Tenure Law of 1941, the language of the two paragraphs was not altered, except to change its application from boards of education and boards of school inspectors to boards of school directors. An analysis of the various provisions shows the legislative intent was to make section 127a applicable only to employments by school districts having a board of school directors and that section 127¾ was restricted in application to school districts having a board of education or a board of school inspectors. So that, if petitioner has a right to a writ of *mandamus,* it is by reason of the provisions of section 127a.

Before section 127a became a part of the School Law, it was held that a board had no power to make contracts for the employment of teachers to extend beyond the ensuing school year, (*Davis* v. *School Directors,* 92 Ill. 293,) that a new contract had to be made each year with such teachers as it desired to retain in its employ. In *People ex rel. Fursman* v. *City of Chicago,* 278 Ill. 318, it was said: "No person has a right to demand that he or she shall be employed as a teacher. The board has the absolute right to decline to employ or to re-employ any applicant for any reason whatever or for no reason at all." See, also, *People ex rel. Davidson* v. *Bradley,* 382 Ill. 383. Such being the law as to the powers of a board of school directors before section 127a was adopted, it makes it necessary to determine to what extent that section has changed the prior law.

The next to the last paragraph of section 127a provides for the mutual termination of a contract and directs "that the provisions of this section shall not affect the power of said board to dismiss said employee under Section 115 of this Act." This proviso would permit a board of school

directors to exercise the power given in section 115 to dismiss for incompetency, cruelty, negligence, immorality, or other sufficient cause without regard to section 127a. But respondents' notice of April 21, 1944, to petitioner did not base their action upon any of the grounds for dismissal stated in section 115, so that their authority for the action taken must come from section 127a.

The section directs that the services of all teachers, principals and superintendents in schools having a board of school directors "shall be for not more than three year periods, after the expiration of a probationary period of two consecutive years in that district." A proviso follows which gives a teacher the right to include, as a part of her probationary period, any period of employment for services rendered the district prior to the time the act went into effect. It will be observed that this is different from the requirement of section 127¾ as construed in *Anderson v. Board of Education*, 390 Ill. 412.

The pertinent part of the third paragraph makes it the duty of a board of school directors to give the teacher notice concerning "his re-employment or lack thereof," which notice is required to be given on or before April 25 of the year in which the regular employment contract of the employee expires. The fifth paragraph directs that if the board of education fails to give such notice, then "said employee shall be thereby deemed re-elected on the same terms as for the then closing year or period of service." This is followed by the further requirement that the board shall, not later than the close of the current school term, issue a regular contract to the teacher in employment the same as though there had been express re-employment. The next paragraph directs that the employee who has been informed of his re-election by written notice, or who has been tendered a contract under the act, shall, within thirty days thereafter, present a written acceptance to the

board.  Failure to give such notice of acceptance of re-employment is to be regarded as conclusive evidence of nonacceptance.

Petitioner contends that the clause in the contract of August 27, 1943, terminating compensation in the event respondents should dismiss her for the reasons specified therein, or by reason of the revocation of her certificate to teach, should be given some effect in determining whether she had a right to continue in respondents' service for another year.  Petitioner having completed her probationary period of employment as required by section 127a, she was a tenure teacher and the contract of August, 1943, would necessarily be made subject to the terms of the statute.  However, the dismissal provision referred to by petitioner did not, in itself, give petitioner any right to continued service.  The grounds specified therein upon which a power of dismissal could be exercised were in substance the same as set forth in the third paragraph of section 115.  As noted, the proviso to section 127a directs that nothing contained in said section shall affect the board's power to dismiss an employee for the reasons stated in section 115.  In other words, anytime during the period of service under the August, 1943, contract the board had the power, under the third paragraph of section 115, if the occasion should arise, to dismiss petitioner for the reasons therein specified and without regard to the requirements of section 127a.

The third paragraph of section 127a appears to give a board of school directors some discretion as to whether they will continue a teacher's contract of employment for another year.  Otherwise, there would be no necessity for the requirement that the board should, before April 25 of the year in which the regular employment contract expires, give notice in writing to the employee "concerning his re-employment or lack thereof."  If, as petitioner contends, the statute continues the pre-existing contract, then there

would be no lack of re-employment as referred to in the third paragraph. These provisions lead to the inescapable conclusion that section 127a did not make the contract of August, 1943, one for continuous service and that respondents had the power to determine whether the teacher should be re-employed for another year. The first provision in section 127a that undertakes to extend the terms of the pre-existing contract is found in the fifth paragraph of the section. It provides that if the board fails to give notice to the employee, then such employee shall be deemed to be re-elected on the same terms as for the then closing year. That does not aid petitioner unless it is determined that the notice respondents gave her of their conclusion not to re-employ her was defective in substance.

The notice of the decision not to re-employ contained four specifications, but a part of them were founded on uncertainties existing in the minds of the board as to whether they would desire to employ another teacher at a lower salary. Standing alone such reason would be too indefinite, but the notice contained allegations sufficient to show that respondents' primary purpose for refusing petitioner re-employment was that they wished to be relieved from meeting any requirements of the Teachers Tenure Law. The fourth paragraph of the section directs that if the teacher is not to be re-employed, the board shall give "written reasons therefor."

It will be observed that the second paragraph of the section gives the board power to dismiss teachers at the end of the school year even though there is a contract for a longer service, whenever there is a decrease in the number of pupils necessitating a reduction in the teaching service, but the notice of a dismissal in such a case is provided for in the paragraph and is different from the notice prescribed by the third paragraph. The last paragraph of the section gives the board power to transfer and transport

pupils to another district rather than to employ a teacher, and under such circumstances the board has the power to terminate any contract then in effect, but in such case the notice of termination is to be given in writing not later than July 1. It is evident that the written reasons required by the fourth paragraph to be given pursuant to the notice given on or before April 25 are intended to be reasons other than those specified in the second and last paragraphs of the section.

The statute makes no provision for a hearing on the reasons assigned by the board and there is no right of appeal preserved whereby a higher administrative body could review the action taken by the school directors. In view of the provisions in reference to boards of education and school inspectors as contained in section 127¾, the absence of these provisions in section 127a is significant.

To hold that a writ of *mandamus* should issue as prayed would be in effect holding that the contract of the previous year was one of continued service and that petitioner had the right to continue in respondent's employment for another year on the same terms as provided in the previous contract. It has been noted that prior to the adoption of section 127a, boards of school directors could not contract for the employment of a teacher beyond the current year, so on this question we are dealing with rights of a contractual nature, and before a court can declare a contract has been extended by operation of the statute it must appear that the General Assembly employed language which gives such right. If the statute so directed, then it would be held that the parties, in the making of the prior contract, contracted subject to the provisions of the statute.

If the direction in section 127a was that the contract of 1943 should continue in force after its expiration by its terms, subject to termination for certain reasons specified in the statute, then the court would apply the principle

that the parties in the first instance contracted in reference to the statute and that it became a part of its terms. While section 127a gives the contract of the prior year a sort of legislative status, it does not direct that it shall continue beyond the period specified by its terms. As previously noted the statute contains the implied assumption that the contract of the preceding year was not to extend for a longer period than one school year, for the reason that the board of education has the discretion to determine at any time before April 25 of the year in which it expires whether they will or will not re-employ. The discretion thus vested in the board is matched by a similar provision in the sixth paragraph which gives the teacher the right to accept or reject the contract when tendered to her.

The purpose of the General Assembly in enacting the statute is apparent, for it is in the best interests of the schools that competent and capable teachers be continued in their employment. It adds to the stability of the employment and works to the advantage not only of the public but to the teachers and those employed with the administration of school affairs. But it is also a question for the General Assembly to specify the conditions and reasons upon which the pre-existing contract of employment may be terminated. Courts have no power to read into a statute something that is not within the manifest intention of the law-making body as gathered from the statute itself. (*Silverman* v. *City Engineering Construction Co.* 338 Ill. 154.) The judgment of the Appellate Court is correct and is affirmed.

*Judgment affirmed.*