KIRKPATRICK v. THE INDEPENDENT SCHOOL DISTRICT
OF LIBERTY.

1. **Schools**: DISCHARGE OF TEACHER: REMEDY OF TEACHER. The remedy of a teacher who is wrongfully discharged by the board of directors for incompetency is by appeal, and he cannot at once maintain an action in the courts to recover for a breach of contract, though the action of the board was irregular, and not in compliance with the provisions of section 1734 of the Code.

*Appeal from Marion Circuit Court.*

TUESDAY, APRIL 27.

THE plaintiff avers that he was employed by the defendant school district to teach a school for the period of six months for the sum of one hundred and forty dollars; that after he taught nine weeks the board of directors of the defendant school district dismissed him, but did so without complying with the statute in that respect; that the defendant paid him

for what he taught, but that he was damaged by the improper and unlawful dismissal in the sum of ninety dollars.

The defendant avers that its proceedings were regular, and if not that the plaintiff was in fact incompetent, and so ought not to recover; and besides that, plaintiff's only remedy, if he had any, was by appeal from the action of the board to the county superintendent. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Anderson & Briggs*, for appellant.

*E. R. & L. N. Hayes*, for appellee.

ADAMS, CH. J.—What the evidence and rulings were will appear sufficiently from the question certified, which in substance is: whether, in case a board of school directors discharge a teacher upon the ground of incompetency, without complying with section 1734 of the Code, he can at once maintain an action for damages as for breach of contract.

1. SCHOOLS: discharge of teacher: remedy of teacher.

The section referred to is in these words: " In case a teacher employed in any of the schools of the district township is found to be incompetent     *     *     *     the board of directors may, after a full and fair investigation of the case at a meeting convened for that purpose, at which the teacher is permitted to be present and make his defense, discharge him.'

By another section the provision is made applicable to independent districts like the defendant. It is to be assumed that the evidence showed that the board of directors of the defendant district discharged the plaintiff "without a full and fair investigation of the case at a meeting convened for that purpose," and that they discharged him without a meeting at which he was "permitted to be present and make his defense." If the board did so, he was, of course, improperly discharged, and was entitled, we think, to at least

nominal damages, unless he precluded himself from such recovery by a failure to take steps to secure a correction of the error of the board. Whether he did so preclude himself is the question in the case. Section 1829 of the Code provides that "any person aggrieved by any decision or order of the district board of directors, in matter of law or fact, may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent of the proper county." The plaintiff took no such appeal.

He insists, however, that there was no decision or order made by the board; that their action was so far irregular and illegal as to be utterly void. In our opinion this position cannot be maintained. If there was no decision or order of the board, the plaintiff was not in fact discharged. If he surrendered the key of the school house, as he said he did, he surrendered it to some person who was simply interfering without any color of right, and we do not think that the defendant district should be made liable.

The plaintiff, indeed, has seen fit to aver that he was discharged. In drawing his petition he appreciated correctly that the defendant could not be held liable for acts of its board which were void. Afterward when it was urged by way of defense that he ought to have appealed from the action of the board, he found it necessary to take a position inconsistent with his averment.

We may say further, that we think that the plaintiff has misconceived the intent of the statute. The nullity of the action of the board is based upon what the plaintiff calls a want of jurisdiction of the board to take action without giving the plaintiff an opportunity to be present. The plaintiff's error has arisen, we think, from supposing that the statute was designed to constitute the board substantially a court. It was really in this case the agent of an employer, undertaking as such agent to discharge an employe. Under the statute it could properly do so only after taking certain pre-

scribed steps.   It may, perhaps, be said to exercise judicial functions, but it does so only in a very slight sense.   It is certainly not a court, and the rules in regard to jurisdiction are not applicable to it which are applicable to a court.

This can be more fully appreciated by considering the spirit and design of our school statutes so far as they provide a mode for determining rights.   It will be observed that they provide a mode that is exceedingly simple and inexpensive, and yet one which is superior in many respects to that which could be furnished by the courts.   Take, as an illustration, the case at bar, where the board charged the teacher with incompetency.   The board, under the statute, should have allowed the teacher to make defense, and this, aside from the statute, would have been the best mode of determining whether he was incompetent or not.   Had the board, in the way contemplated, found the teacher to be incompetent, and he felt aggrieved thereby, his remedy under the statute would have been by appeal to the county superintendent, a person elected expressly with reference to his qualifications to pass upon such a question, and who has the means of doing so with the least possible delay and expense.   Without the statute the teacher's remedy would have been solely in the courts. So, too, where the board, as in this case, is guilty of irregularity, we think the teacher, if aggrieved, should appeal.   We assume that the plaintiff claims that he was not incompetent, and could have demonstrated such fact if he had an opportunity to do it.   If he could have demonstrated it, he might have done so with very slight interruption to the school, and saved his reputation from the effects of a disparaging charge. He resorted to the courts and sought to recover irrespective of the question of his competency.   It has been adjudged that he is entitled to recover, irrespective of that question, the full amount of his claim; and thus, a fund raised for a different purpose has been charged not only with its payment, but the costs of a very considerable litigation, and, as we may assume, with the payment of attorney's fees.   This has all

resulted from what we deem a too narrow and technical view relative to what was supposed to be the jurisdiction of the board, as constituting substantially a court subject to the rules upon the question of jurisdiction which govern strictly judicial proceedings. We think the judgment of the Circuit Court must be

REVERSED.