S. G. BURKHEAD, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF INDEPENDENCE.

**Schools:** CONTRACT WITH TEACHER. Code, section 2748, vests school districts with corporate powers to be exercised by their boards of directors. Section 2778 provides that the board shall elect all teachers and make all contracts on behalf of the district; section 2776, that the district may elect a person who shall have general supervision of the schools, subject to the control of the board; section 2773, authorizes the board to designate the period each school shall be held beyond the time required by law; section 2749, empowers the electors, at their annual meeting, to determine what additional branches shall be taught during the following school year and section 2772, authorizes the board to prescribe a full course of study for the school. *Held*, á board of directors of a school district has no authority to employ a teacher or superintendent for a period of five years, although the duration of such contract is not expressly limited by statute, since the statutory provisions requiring school taxes to be levied annually, limiting the ordinary certificate of a teacher to one year, and providing that the board of directors must make an estimate of the expenses and determine the course of study each year and designate the period each school shall be taught beyond the time required by law, impliedly limits the duration of such contracts to the school year, as determined by the board of directors.

Contracts.    A contract to render services as superintendent and
        teacher of schools is not invalid because it does not state the time
        the school was to be taught, as required by Code, section 2778,
        where the rules and regulations of the district fixed the time the
        schools were to be open and were made part of the contract.

Appeal to superintendent.    Though the remedy of a teacher, when
        aggrieved by the action of the board of directors, in a proceeding
        under Code, section 2782, where he had an opportunity to be heard,
        is by appeal to the county superintendent, the remedy of one dis-
        charged without such hearing is by action for breach of contract.

Same.    An appeal cannot be taken to a county superintendent from a
        refusal of a board of school directors to allow a school teacher to
        render services because of the alleged illegality of the contract of
        employment.

*Appeal from Buchanan District Court.*—Hon. A. S. Blair,
Judge.

Friday, December 16, 1898.

The petition alleged that the plaintiff entered into a
written contract with the defendant April 5, 1893, by the
terms of which he agreed to render services as superintendent
and teacher of its schools for the period of five years at an
annual salary of one thousand five hundred dollars per year,
payable in monthly installments.    The contract did not pro-
vide the length of time he was to teach further than that he
was "to perform all the duties of superintendent and teacher
required of him by law, and the rules and regulations of the
board, established for the government of said schools," which
were made a part of the contract.    By these rules the schools
opened the first of September of each year, and closed in June.
The plaintiff rendered services as such superintendent for
three years, and alleges that at the beginning of the school
year in September, 1896, he was ready and willing to perform
the duties of superintendent and teacher in pursuance of the
contract, but that the defendant, though no charges had been
made against him, refused to allow him so to do, excluded him
from the buildings, and notified him that the contract was
null and void.    No part of the salary for the year ending in

June, 1897, was paid, and recovery thereon is prayed.    The grounds of the defendant's demurrer are: . (1) The plaintiff's remedy was by appeal; (2) the contract is void, because it does not specify the number of weeks to be taught; (3) the board of directors was without authority to employ a teacher for a period of five years.    The district court sustained the demurrer, and, as the plaintiff elected to stand on the ruling, entered judgment dismissing the petition.    The plaintiff appeals.—*Affirmed.*

*E. E. Hasner* for appellant.

*Lake & Harmon, Ransier & Everett* and *F. Jennings* for appellee.

LADD, J.—I.   The remedy was not by appeal to the county superintendent.    Had the defendant conceded a legal contract, and sought to discharge the plaintiff, then it must have proceeded under section 2782 of the Code.    In such event the only remedy would have been by appeal, as the acts of the board under that section are judicial in character.    *Smith v. District Tp.,* 42 Iowa, 522; *Kirkpatrick v. School Dist.,* 53 Iowa, 585; *Park v. School Dist.,* 65 Iowa, 209.    But when a teacher is discharged without the hearing contemplated, the act is wrongful, and resort may be had to the courts; in other words, in order to discharge a teacher, the board of directors must pursue the method prescribed by the statute.    *Park v. School Dist., supra.*    Where, without such hearing, there is simply a refusal to allow the teacher to render services because of the alleged illegality of the contract, there is nothing from which to appeal.    The act of the board of directors in such a case is wrongful, and suit for breach of contract may be maintained.    *Hull v. School Dist.,* 82 Iowa, 686; *Benson v. District Tp.,* 100 Iowa, 331.

II.   The point is made that the contract was invalid, because it did not state the time the school was to be taught, as

required by section 2778 of the Code. The rules and regulations of the district fixed the time the schools were to be open, and these are made a part of the contract. This determined the time with reasonable certainty.

III. The important question, however, is whether the board of directors had the authority to employ a teacher or superintendent for a period of five years. Our statutes are silent as to the duration of such contracts, and a limitation of the length of time a teacher may be engaged to teach in the public schools, if it exists, is the result of inference to be drawn from other provisions of the law, or because of public policy. By section 2743 of the Code the school district is a body politic, and as such may sue and be sued. The board of directors represents the district,—from a legal standpoint, is the district. It is a continuing body. The officers change, but the corporation continues unchanged. The contracts are of the corporation, and not of the members of the board individually. It is not essential, then, that contracts be limited to the terms of office of the individuals making up the board. *Rewbelt v. School Town of Noblesville,* 106 Ind., 478 (7 N. E. Rep. 206) ; *Tappan v. School Dist,* 44 Mich., 500 (7 N. W. Rep. 73) ; *Farrell v. School Dist.,* 98 Mich., 43 (56 N. W. Rep. 1053) ; *Taylor v. School Dist.,* 16 Wash., 365 (47 Pac. Rep. 758) ; *Wait v. Ray,* 67 N. Y. 36. See *Dubuque Female College v. District Tp. of City of Dubuque,* 13 Iowa, 555. Section 2778 provides that: "The board shall elect all teachers and make all contracts necessary or proper for exercising the powers granted and performing the duties required by law. Contracts with teachers must be in writing, and shall state the length of time the school must be taught, the compensation per week of five school days or month of four weeks, and such other matters as must be agreed upon, signed by the teacher and president and filed with the secretary before the teacher commences to teach under such contract." Under section 2776 the district "may

select a person who shall have general supervision of the schools in any district subject to the control of the board." Section 2773 of the Code authorizes the board of directors to "designate the period each school shall be held beyond the time required by law." That time is twenty-four weeks of five school days each in each school year commencing the third Monday in March, unless the county superintendent shall authorize shortening this period. As the time the school is to be taught cannot be known years in advance, it would be impossible for the teacher or the board to fairly contract. Section 2749 empowers the electors at their annual meeting to determine what additional branches shall be taught during the following school year, and by section 2772 the board of directors is authorized to prescribe a full course of study for the school. How shall it be ascertained, several years in advance, whether the teacher employed will be competent to instruct in branches which may be prescribed by the electors or the board? Again, not exceeding fifteen dollars per year for each pupil may be raised for teacher's fund. How shall it be known whether the fund to be raised will be sufficient to compensate the teacher according to his contract for a longer period than one year? The board of directors is required to publish a detailed account of expenses, and an estimate of the next school year, two weeks prior to the annual election. This is to inform the electors of the manner in which the business has been transacted, and of the probable cost of the corporation during the following year. Taxes are levied annually. The ordinary certificate of the teacher is limited to one year. If it were intended that employment might be made for a longer time than a school year, why thus limit the certificate and the teacher's fund? And why make the estimate of expenses and determine the course of study each year? We think that an examination of the statutes leads to the inevitable conclusion that the legislature intended such contracts to be limited in duration to the school year as determined by the board of directors. If not so limited, then the directors might

employ teachers for any number of years, tie up the hands of their successors in office, and wrest from the control of the people the schools which they are required to support. The spirit of these statutes is repugnant to the idea that one board of directors, by contract wholly to be performed in the future, can devest future boards of the power to select teachers, and make contracts therefor, and indirectly take from the people all the advantages to be derived from annual elections. This conclusion is strengthened by the universal practice of employing a teacher for a single school year. What we have said finds support in the reasoning of *Stevenson v. School Directors,* 87 Ill. 255. The statute construed in *Board v. Shields,* 130 Ind. Sup. 6 (29 N. E. Rep. 386), differs essentially from those to which attention has been called. The ruling of the district court was right, and the judgment is AFFIRMED.