Ethyl Schultz, Appellant, v. Consolidated Independent School District of Treynor, Appellee.

APPEAL AND ERROR: Orders Appealable—Order Striking Petition.
1   An order striking an amended and substituted petition (on the mistaken ground that it was a repetition of a former petition which was held bad on demurrer) is appealable without the entry of any record that plaintiff "*elects to stand on his petition.*"

APPEAL AND ERROR: Orders Appealable—Adverse Ruling on Demurrer—Record Necessary. The right to appeal from an adverse ruling on demurrer to a petition is dependent upon the record's showing in some manner that plaintiff elected to stand on his petition.

PLEADING: Demurrer—Ruling as Adjudication. An order sustaining a demurrer to a petition necessarily does not constitute an adjudication of a subsequently filed amended and substituted petition containing materially different allegations from those contained in the former pleadings.

SCHOOLS AND SCHOOL DISTRICTS: Appeals—Unlawful Discharge of Teacher. A teacher under contract with a board of directors is under no obligation to appeal to the county superintendent from an order discharging the teacher on grounds other than unfitness

as a teacher, entered without notice to the teacher and without opportunity for a hearing. (Secs. 4237, 4298, Code of 1924.)

**Headnote 1:** 3 C. J. p. 489. **Headnote 2:** 3 C. J. p. 484. **Headnote 3:** 15 C. J. p. 963. **Headnote 4:** 35 Cyc. p. 1096.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

### JUNE 25, 1925.

ACTION to recover under a teaching contract. The petition showed the contract and alleged breach thereof by attempted rescission of the contract by defendant, without giving plaintiff opportunity of hearing, as provided by Section 2782, Code of 1897. Demurrer to the petition was sustained. Plaintiff filed an amended and substituted petition, which was stricken. From rulings on the demurrer and motion, plaintiff appeals.—*Reversed and remanded.*

*George H. Mayne* and *George H. Mayne, Second,* for appellant.

*Tinley, Mitchell, Ross & Mitchell,* for appellee.

ARTHUR, J.—I. The petition alleged the execution of the written contract under which the school board, on April 23, 1923, employed the plaintiff as a teacher for the school year commencing September 3, 1923; that, on July 2, 1923, at a meeting of the officers and directors of defendant district, plaintiff was dismissed, and her contract rescinded, in violation of said contract; that she had no knowledge or notice of such meeting, and no opportunity was given her to be heard, as provided in Section 2782, Code of 1897; that she tendered her services, under said contract, on September 3, 1923; that she was, at the time, ready, willing, and able to perform the duties required of her under said contract, and that her services were refused; that the breach and rescission of said contract were contrary to the provisions of said contract and the laws of Iowa; that she was

*1. APPEAL AND ERROR: orders appealable: order striking petition.*

unable to secure other employment in the vicinity of the school: and she demanded judgment for the amount due under her contract. In a second count, plaintiff alleged the same cause of action, and demanded judgment for the amount accruing under the contract.

The demurrer stated that, under the allegations of the petition, plaintiff is not entitled to the relief demanded; that it affirmatively appears that she was employed under a contract to teach school in the schools maintained by the defendant; that she was dismissed as such teacher on the 2d day of July, 1923; and that "no appeal from the action of the board thereon was taken to the county superintendent, as required by law." Ruling of the court on the demurrer was as follows:

"The demurrer to petition is submitted and sustained on the ground that no cause of action arises until the discharge is shown to have been wrongful, and that such matter should have been determined in an appeal to the county superintendent; that the question of the right to discharge a teacher is a question peculiarly within the jurisdiction of the county superintendent; and that the right of appeal is given because of the peculiar character of such question. Plaintiff excepts."

Thereupon, plaintiff filed an amended and substituted petition, setting out the entering into the contract substantially as set out in the petition; that, while said contract was in force and effect, and on July 3, 1923, plaintiff received from the secretary of defendant school board a communication in writing, as follows:

"Treynor, Iowa, July 3, 1923.

"Mrs. Ethyl Schultz.

"Dear Madam: At a meeting of the Treynor Consolidated School Board July 2d, I was instructed to notify you that the board of directors decided to rescind contract entered into with you, owing to conditions in no way connected with your service and ability as a teacher. I remain,

"Yours respectfully,

"[Signed]   I. H. Ingram,

"Secretary of School Board."

It was further alleged that plaintiff had never received any

notice of the meeting of the board held on July 2d, nor was she ever given an opportunity to be present at said meeting, and that, prior to the receipt of said letter, she had no knowledge of any intention to attempt to rescind said contract; that said pretended rescission was unlawful and void; that she was, at the time of the attempted rescission of said contract, and at the time of the commencement of the school year, at all times qualified, ready, willing, and able to perform the duties required under the contract; and that she was unable to procure other employment. She demanded judgment for amount due and accruing under the contract.

Defendant moved to strike the amended and substituted petition, for the reason that it presented no other or different questions for the decision of the court than the original petition, and for the further reason that the ruling on the demurrer was *res adjudicata* of the matters presented by said amended and substituted petition. The motion to strike was sustained, to which ruling plaintiff excepted.

II. Errors assigned and relied upon for reversal are: (1) That the trial court erred in sustaining the demurrer to the original petition; (2) that the court erred in sustaining the motion to strike the amended and substituted petition.

2. APPEAL AND ERROR: orders appealable: adverse ruling on demurrer: record necessary.

The question of practice raised by appellee being first considered,—that, before appeal from the ruling on the demurrer would lie, there must have been an election to stand on the petition, and proper record made thereof,—appellant did not elect to stand upon her petition, and secured no right of appeal from ruling on the demurrer. *Hansen v. Independent Sch. Dist.*, 193 Iowa 417. But she appeals from the ruling on the motion to strike the amended and substituted petition, which appeal, we think, is well taken.

Appellee's objection that the ruling on the demurrer is *res adjudicata,* we think is not tenable. The amended and substituted petition is materially different in substance from the original petition. In the later pleading it is

3. PLEADING: demurrer: ruling as adjudication.

alleged "that, while said contract was in full force and effect, she [plaintiff] received from the secretary of said defendant a communication in words and

figures as follows,''—setting forth the letter hereinbefore quoted. Also, Count 2 of the original petition was omitted, and single demand made for the whole amount claimed to be due under the contract at the time the suit was begun, and thereafter to accrue. We think the alleging of the action of the board by setting forth the letter showing the record made by the board, material addition to the original petition. It disclosed the facts which plaintiff claims rendered the action of the board illegal, and excused her from prosecuting an appeal to the county superintendent from the action of the board. These facts did not appear in the original petition,—at least they did not appear in a specific way.

Both rulings were made on the same day. The motion to strike referred to the demurrer previously ruled on, and the ruling on the motion necessarily involved the same propositions of law as the ruling on the demurrer. We think it was not required that plaintiff elect to stand on her pleadings, in order to have, under the circumstances of pleading in this case, right of appeal from the ruling of the court on the motion to strike. Section 4101, Code of 1897 (Section 12823, Code of 1924), provides for an appeal from "an intermediate order involving the merits or materially affecting the final decision." The order striking the amended and substituted petition unquestionably involved the merits of the case, and materially affected the final decision of the case. The ruling went to the very heart of the case and controlled its decision.

We think the appeal from the order striking the amended and substituted petition well taken, and that it presents for review the vital question in the case, which we will presently consider.

III. The question presented on this appeal upon which the decision must be made, is whether or not it was necessary for plaintiff to prosecute an appeal from the action of the board to the county superintendent, and secure a finding that her dismissal or discharge was wrongful, in order to maintain this action. For convenience, we here set forth statutory provisions relating to the propositions here involved:

4. Schools and school districts: appeals: unlawful discharge of teacher.

Code of 1897, Section 2782. "* * * It [the board of direc-

tors] may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor.''

Code of 1897, Section 2818. ''Any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent of the proper county.''

Code of 1897, Section 2820. ''An appeal may be taken from the decision of the county superintendent to the [state] superintendent of public instruction. * * * Nothing in this chapter shall be so construed as to authorize either the county or state superintendent to render judgment for money.''

Substantially the same statutory provisions have existed since the Code of 1873.

Counsel for appellee rely largely upon the holding in *Kirkpatrick v. Independent Sch. Dist.*, 53 Iowa 585, in support of their position that an appeal to the county superintendent was a condition precedent to the maintenance of plaintiff's action. In the *Kirkpatrick* case, a teacher sued to recover damages under his teaching contract. In the instant case, the same relief is sought. Beyond this common feature, we discover little similarity in the cases. In the *Kirkpatrick* case, the question presented, as stated in the opinion, was ''whether, in case a board of school directors discharge a teacher upon the ground of *incompetency*, without complying with Section 1734 of the Code [Section 2782, Code of 1897], he can at once maintain an action for damages as for breach of contract.''

The word ''incompetency'' is italicized by us now. Obviously referring to the question presented, as stated, we further said:

''Had the board, in the way contemplated, found the teacher to be incompetent, and he felt aggrieved thereby, his remedy under the statute would have been by appeal to the county superintendent, a person elected expressly with reference to his

qualifications to pass upon such a question, and who has the means of doing so with the least possible delay and expense.''

In the case before us, there was no charge of incompetency. It is alleged in the amended and substituted petition, and shown by the letter of the secretary set forth therein, that rescission of the contract was ''owing to conditions, in no way connected with your service and ability as a teacher.'' It affirmatively appears that the attempted rescission of the contract by the board was not based upon incompetency or any of the other reasons set forth in the statute. *Curltright v. Independent Sch. Dist.*, 111 Iowa 20, was an action for damages for breach of a teaching contract. In that case the situation was, as we stated:

''No complaint of incompetency, partiality, or dereliction of duty was made against the plaintiff, nor was he called upon or permitted to defend against any such accusations.''

In that case, as in the case at bar, the board discharged a teacher for none of the reasons set out in the statute. The school district took the position that the action would not lie, because the plaintiff, the teacher, had not appealed from the order of discharge to the county superintendent. We held that, under such circumstances, no appeal to the county superintendent was necessary. Also, we distinguished the case from the *Kirkpatrick* case, saying:

''*Kirkpatrick v. School District* * * * is not in point, as that was a proceeding under the statute to discharge the teacher.''

Such differentiation has since been adhered to. As before mentioned, in the *Kirkpatrick* case the teacher was charged with incompetency. In the *Curttright* case and the instant case, no charges of incompetency or any other reason mentioned in the statute were made. On the other hand, in the instant case, appellant was by the board exonerated of any charge, through the letter of its secretary that the contract was rescinded ''owing to conditions in no way connected with your service and ability as a teacher.''

*Burkhead v. Independent Sch. Dist.*, 107 Iowa 29, was an action for salary under a teacher's contract. No charges were made against the teacher, and no proceedings had under the statute for his discharge on any ground. He was summarily

discharged. One of the grounds of the demurrer, which was sustained, was that the remedy was by appeal. We said: "The remedy was not by appeal to the county superintendent." We further said:

"When a teacher is discharged without the hearing contemplated, the act is wrongful, and resort may be had to the courts. In other words, in order to discharge a teacher, the board of directors must pursue the method prescribed by the statute."

In *Knowlton v. Baumhover,* 182 Iowa 691, relief was sought from certain illegal acts of the school board directly to the court. Objection was made to the procedure, that the proper remedy was by appeal to the county superintendent. We said:

"The objection cannot be sustained. The rule is thoroughly well settled that, while the discretion granted by statute to the board of directors can be reviewed only by appeal to the county superintendent, yet, where it 'acts without jurisdiction, or has exceeded its powers and by some act in an official capacity has done or attempted to do that which it has not a right to do, the courts have jurisdiction to set aside the unauthorized act.'"

The amended and substituted petition should have been allowed to stand. . The case is reversed and remanded for further proceedings in harmony with this opinion.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.