C. W. COURTRIGHT, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF MAPLETON, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Teachers—Dismissal—Jurisdiction of Courts. A teacher who has been discharged by the board of directors on charges of incompetency, after due notice to the teacher and hearing, may not maintain an action in the courts for damages consequent on such discharge.

Headnote 1: 35 Cyc. p. 1096 (Anno.)

Headnote 1: 24 R. C. L. 618.

*Appeal from Monona District Court.*—A. O. WAKEFIELD, Judge.

FEBRUARY 15, 1927.

A demurrer to the petition of plaintiff was sustained, and the plaintiff elected to stand on the demurrer, and appealed.— *Affirmed.*

*Underhill & Miller*, for appellant.

*Prichard & Prichard*, for appellee.

DE GRAFF, J.—Defendant challenges, by a demurrer, the legal sufficiency of plaintiff's petition. The pleaded averments of the petition, recited in this opinion, must be considered as admitted by the demurrer.

This is an action by a public school teacher against his employer, an independent school district, for recovery of damages for the breach of a contract between him and the board of directors of said district by reason of an alleged wrongful dismissal of said plaintiff as a teacher in said district and the cancellation of his contract of employment. The demurrer to the petition of plaintiff states the following grounds: (1) That the question presented was not one for the court to decide, but that the sole jurisdiction in said matter was in the county superintendent and the state superintendent of public instruction; (2) that the petition disclosed that the dismissal of the plaintiff and the cancellation of his contract had been affirmed by the legally constituted school authorities.

The pleaded facts challenged by the demurrer are, in substance, as follows: The plaintiff, C. W. Courtright, on June 17, 1924, entered into a written contract with the defendant, the Consolidated Independent School District of Mapleton, Iowa, and by the terms thereof agreed to serve as teacher in physics and other high-school subjects and to act as athletic coach in said school district for the term of 36 weeks, commencing on September 1, 1924, and in consideration therefor, was to be paid $1,700 for nine school months; that Mr. Courtright entered upon his duties under said contract on September 1, 1924, and continued as teacher and athletic coach for four weeks, and until his dismissal and the cancellation of his contract by the board

on September 27, 1924; that he fully complied with the provisions of his contract until his dismissal; that the board of directors in special session passed a resolution providing "that the said C. W. Courtright be dismissed as a part of the faculty, and that his contract be canceled and an order be drawn for the balance of his first month's salary due under his contract;" that the minutes of the special session of said board recite that the meeting was held at 8:15 P. M., Saturday, September 27, 1924, at the call of the president, and that the directors of the board were present, the superintendent of schools, Attorney F. B. Lutz, and C. W. Courtright, teacher; that said minutes further recite that "the object of the meeting was to consider the resignation or dismissal of C. W. Courtright, teacher, charges having been made against C. W. Courtright that he was unable to fulfill, carry out and perform his contract to the satisfaction of the patrons of the school and to the satisfaction of Superintendent Martin and this board;" that, after full discussion, a resolution was unanimously adopted, to wit: "Whereas, at a meeting held on the 22d day of September, 1924, the said C. W. Courtright being present, charges having been made to the effect that he was unable to perform his part of said contract in a satisfactory manner to the patrons and to the school board and to Superintendent Martin, and whereas, at said meeting, said complaints having been made known to C. W. Courtright, and after full discussion and due consideration, it is therefore resolved by the board of directors that the said C. W. Courtright be dismissed  *  *  * and that his contract be canceled  *  *  *  ;" that plaintiff appealed to the county superintendent of schools of Monona County, Iowa, from the action of the board; and that one of the errors alleged in his affidavit of appeal to said superintendent was "that the charges made as a basis for dismissal and for cancellation of said contract were not specific and definite in their nature, as the law requires;" that the county superintendent filed her opinion October 30, 1924, sustaining and affirming the action of the board; that plaintiff then appealed to the state superintendent of public instruction of Iowa from the decision of the county superintendent of schools; and that, on June 18, 1925, the state superintendent filed her opinion, dismissing the appeal. Other matters are alleged in plaintiff's petition, not material in ruling this case.

Did the petition state a cause of action? The answer calls for a reading of the statute pertinent to this inquiry. It is provided:

"The board may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor." Section 4237, Code of 1924.

It is further provided that any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may appeal, within a specified time, to the county superintendent. Section 4298. An appeal may then be taken from the decision of the county superintendent to the state superintendent of public instruction. The decision, when made, shall be final. Section 4302.

A school district is a quasi public corporation. It is a legal entity, and a creature of legislation endowed with such powers as are defined by statute. *Rural Ind. Sch. Dist. v. Daly*, 201 Iowa 286.

In the instant case, the question for determination involves the authority of the board of the defendant school district to discharge a teacher. It must be conceded that, under the provisions of Section 4237, the board of directors has the power to discharge a teacher for a cause defined in that statute, provided that the accused is informed of the accusation, given due notice of the hearing, and afforded reasonable opportunity to defend. In brief, the jurisdiction of the board to act in the premises involves two elements: (1) the subject-matter of the proceeding, and (2) the teacher. The complaint in this case is as to jurisdiction of the subject-matter, in that the accusation against plaintiff was uncertain and indefinite.

At the outset, certain legal propositions may be reaffirmed. A school board is without authority to dismiss a teacher under a valid contract of employment, unless the act of dismissal is in accordance with the requirements of statute. *Hull v. Independent Sch. Dist.*, 82 Iowa 686; *Burkhead v. Independent Sch. Dist.*, 107 Iowa 29; *Schultz v. Consolidated Ind. Sch. Dist.*, 200 Iowa 293.

A teacher who is discharged for reason or cause not de-

fined or within the purview of the statute is entitled to commence his action for damages without first appealing to the county superintendent to have determined whether or not his dismissal was wrongful. *Perkins v. Board of Directors of Ind. Sch. Dist.*, 56 Iowa 476; *Curttright v. Independent Sch. Dist.*, 111 Iowa 20; *Schultz v. Consolidated Ind. Sch. Dist.*, supra.

The county and the state superintendent have sole jurisdiction of the question whether or not a teacher has been wrongfully discharged by the board, upon appeal of the teacher. The affirmance of the action of the board by the statutory school authorities is final, and the appellant may not thereafter resort to the court for legal remedy.

Whether or not it was necessary for the instant plaintiff to prosecute an appeal from the action of the board to the county superintendent, and from her adverse ruling to the state superintendent, he did so, and their rulings cannot be ignored on this appeal. A school board, in a matter of this kind, exercises quasi judicial functions, but it does not have exclusive authority to decide questions pertaining to the jurisdiction and the extent of its power. Such questions are determined by the courts of the state. *Perkins v. Board of Directors of Ind. Sch. Dist.*, supra.

It is true that the causative facts upon which a school board is authorized to discharge a teacher are to be determined in the exercise of discretion conferred upon it by law. It possesses all the characteristics of judicial discretion (*Smith v. District Township of Knox*, 42 Iowa 522), but the board must act in conformity to the power conferred by the statute. If it affirmatively appears that the dismissal of a teacher is not in conformity to the statutory provisions, the action of the board is nugatory, and the teacher has the unquestioned right to prosecute his action for a breach of contract in a court of competent jurisdiction. In *Curttright v. Independent Sch. Dist.*, supra, plaintiff sued for damages for breach of a teaching contract. It is said:

"No complaint of incompetency, partiality, or dereliction of duty was made against the plaintiff, nor was he called upon or permitted to defend against such accusations."

The school district contended that the action did not lie because the plaintiff-teacher had not appealed from the order of discharge to the county superintendent. It was held that, under such circumstances, no appeal to the county superintendent was

necessary. See, also, *Schultz v. Consolidated Ind. Sch. Dist.*, supra.

The specification found in the record before us is that the plaintiff (teacher) was unable to perform his part of the contract in a satisfactory manner to the patrons, the school board, and the school superintendent of the district. Such a charge may be subject to motion for more specific statement, but the strictness of rules of pleading in courts of law is not intended to be applicable to boards possessing quasi judicial powers.

It does appear from the pleaded facts that the plaintiff appeared before the school board in response to notice on two different occasions, to wit, September 22 and September 27, 1924. At the first meeting, he was advised of the nature of the complaints, and, after a full discussion and due consideration, Courtright stated to the board that he would leave the school on Friday, September 26th, and admitted that he was unable to perform his contract in a satisfactory manner. At the second meeting, the resolution of dismissal was unanimously adopted.

It cannot be said, under this record, that the board of directors did not have jurisdiction of the person or of the subject-matter. It appears beyond cavil that the teacher did know the meaning and intent of the charge. This is evidenced by the opinion of the county superintendent in her findings, to wit:

"Yet the error, if any there was, was because of its [board's] desire to be as lenient with the appellant as it could, and not put anything into the resolution which could be avoided."

It may also be stated that in the decision of the state superintendent she indicates in her finding that the record fails to show specifically "any of the charges provided for in Section 4237;" but she did dismiss the appeal, for the reason that, in her opinion, "the main question is the cancellation of the contract with the teacher, rather than his dismissal," and that, under the statute (Section 4303, Code of 1924), the superintendent of public instruction could not render a judgment for money. It may not have been necessary for the state superintendent to rule the latter proposition, since the dismissal of the teacher, if rightful, terminated the contract *ipso facto*. The dismissal of the appeal, however, left the decision of the county superintendent, affirming the action of the board, a verity.

Jurisdiction does not depend upon the correctness of the decision of a judicial tribunal. Jurisdiction necessarily includes the power to decide, although an erroneous reason may be given for the decision, which decision, if final, is the terminal point on the legal highway created by the legislature.

Under the pleaded facts, we reach the conclusion that the ruling of the trial court sustaining the demurrer was correct. —*Affirmed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.