H. W. CHEHOCK, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF MARION, Appellee.

No. 39922.

JANUARY 14, 1930.

REHEARING DENIED APRIL 16, 1930.

*George C. Claassen* and *George E. Farmer,* for appellant.

*Donnelly & Lynch,* for appellee.

KINDIG, J.—A petition was filed by the plaintiff-appellant, wherein he attempted to state a cause of action against the defendant-appellee. According to that pleading, the appellant, on March 31, 1925, was employed by the appellee as superintendent of schools for the Independent School District of Marion. This employment, evidenced by a written contract, was for a period of two years, commencing August 24, 1925. Compensation for those services, under the agreement aforesaid, was to be $3,200 per year. Thereafter, on May 6, 1926, the appellee, through its board of directors, preferred charges against the appellant, as provided by the 1927 Code, in Section 4237. Parenthetically, it is noted that such legislation is as follows:

"The board [directors of the school district] may, by a majority vote, discharge any teacher for incompetency, inattention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

Continuing, the petition further alleges that, after the charges were thus made, the hearing thereon commenced before the school board on the 31st day of May, 1926, and continued through the succeeding June 2d. At the hearing, appellant was present, and, so far as shown by the petition, he was not prevented from producing or examining witnesses in his behalf.

As a result of the proceedings, the board, on June 4, 1926, found the appellant "guilty on each and every count of the charges preferred against him," and in consequence thereof, he was discharged from his position as school superintendent.

Appellant appealed from this action by the board to the county superintendent, who, after a hearing, reversed said order and findings. Hence an appeal was taken by the board to the state superintendent of public instruction from the county superintendent's ruling. Whereupon the state superintendent reversed the county superintendent's action, and affirmed the directors' order and findings relating to appellant's discharge and the cancellation of his contract. After the foregoing proceedings, appellant then instituted the present action for damages, as before explained.

Appellee, through its demurrer, contends that the hearing before the board of directors and the subsequent appeals were exclusive, and therefore preclude the present action. Avoidance of this consequence is attempted by appellant on two general theories: First, that Section 4237 of the 1927 Code is unconstitutional, because it does not afford due process of law; and second, if it is not so, the school board failed to comply with the requirements thereof, and therefore lost jurisdiction of appellant and the subject-matter. When the demurrer was sustained, the appellant elected to stand upon the petition, and suffered judgment to be entered against him.

Consideration of the above assertions will now be made, in the order named.

I. Is the legislation aforesaid unconstitutional, under the facts here presented, within the purview of Article V, Section 1, and Article I, Section 9, of the Iowa Constitution, or the Fifth and Fourteenth Amendments to the United States Constitution?

An earnest claim is made by appellant that those Constitutions are violated by the statutory provisions above quoted, in that the hearing is ministerial in its nature, rather than judicial, and through that inefficiency, due process of law was not supplied. We think the appellant misconceives the fundamental issue involved in the controversy. There are many instances where the legislature has created informal boards to perform administrative and judicial functions. It is not necessary to determine whether those illustrations are in all particulars similar to the authority conferred upon the school board under the above-quoted statute. Here, the appellee school district is a creature of the legislature, and as such, its powers are those

only which the lawmakers saw fit to bestow upon it. In contracting with appellee, the legislative grants and prohibitions automatically became a part of the agreement. See *Black v. Consolidated Ind. Sch. Dist.*, 206 Iowa 1386. So the school district, through its directors, was authorized to discharge the appellant "for incompetency, inattention to duty, partiality, or any good cause," under Section 4237, supra, which necessarily became a part of the written undertaking above described. · No contract except one thus conditioned and restricted ever became the property of appellant through his negotiations with the school district. Had the legislature so provided, appellant's contract could have been for an indefinite period, and terminated at the school district's will. Conceding that power, it must be admitted that the legislature could provide for the termination of the agreement for the reasons and in the manner and way set forth in the statute. By a provision in the written contract itself, appellant effectually recognizes the statutory limitations, and consents that his term of service may be shortened in the event he shall "be legally dismissed by the board of directors."

Not only is the foregoing true, but, in addition thereto, Sections 4298 and 4302 became a part of appellant's contract, as well as 4237, previously quoted. Section 4298 provides:

"Any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent of the proper county * * *."

Furthermore, Section 4302 contains the following language:

"An appeal may be taken from the decision of the county superintendent to the superintendent of public instruction in the same manner as provided in this chapter for taking appeals from the board of a school corporation to the county superintendent, as nearly as applicable, except that thirty days' notice of the appeal shall be given by the appellant to the county superintendent, and also to the adverse party. The decision when made shall be final."

Consequently, the whole scheme of procedure under the statute, as thus marked out by the foregoing provisions, became

a part of appellant's contract, and thereby he gave his consent thereto. Thus appellant never was entitled to any other method for determining whether he was subject to dismissal because of "incompetency, inattention to duty, partiality, or any good cause." The school district had no authority or power to enter into any other kind of contract. Necessarily, then, appellant's agreement never existed without those limitations and conditions set forth in the legislation above quoted. This teacher could contract or not, as he chose; but if an election was made by him to enter into an agreement with the school corporation, the resulting relationship of necessity must be limited by and burdened with the statutory provisions under discussion.

Resultantly, never having acquired a right to a different hearing, the appellant cannot now invoke the constitutional provisions aforesaid on the theory that the proceeding before the school directors is something less than a judicial trial. Whether it is less, we do not now suggest or decide.

II. Further, appellant urges that Section 4237, supra, is unconstitutional because it does not provide for notice to the teacher concerning the hearing contemplated. Therefore, it is  said, there is violation of the constitutional provisions guaranteeing due process of law. Without doubt, the foregoing discussion disposes of this proposition also; but there is another reason why appellant's contention is not well founded. While the statute embodied in Section 4237, supra, does not, in express terms, declare there is to be a notice, yet, by necessary implication, such requirement is made. To illustrate, the section reads:

"The board may * * * discharge any teacher * * * at a meeting * * * held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

Obviously, the teacher could not be present and make defense without notice of the hearing. Without the teacher's presence, with permission to make defense, there could be no discharge; and thereby the implied provisions afford the teacher everything regarding notice that more express language could

have done. Upon this subject, we said in *Smith v. State Board of Med. Examiners,* 140 Iowa 66, on page 70:

"\* \* \* although a statute may not expressly provide for notice, it will not be held unconstitutional or invalid if the requirement of notice may be fairly implied therefrom."

Likewise, in the case at bar, the statute under consideration, even if not expressly, impliedly demands a sufficient notice to enable the teacher to be present at the hearing and there make defense.

III. Notwithstanding the constitutionality of the legislation in the respects above mentioned, appellant argues, the school board so exceeded and ignored its authority under the statute  that it lost jurisdiction of the subject-matter, and hence the purported termination of the contract is a nullity, and this action will lie at law. More particularly, appellant's complaint here is that the school directors, at the hearing before them, indulged in such informality concerning matters of evidence and procedure as to deprive them of the right to terminate the contract under the statute. Specifically stated, appellant insists that the board refused to swear its witnesses, denied the right of cross-examination, admitted ex-parte affidavits, accepted hearsay testimony, and prevented appellant's counsel from discussing the evidence.

Such are the complaints at this juncture. Decision is not here made or suggested as to whether the board erred in the manner and way alleged. For, in any event, the board having jurisdiction of the subject-matter and the appellant, the remedy for the claimed error was by appeal. *Smith v. District Twp. of Knox,* 42 Iowa 522; *Kirkpatrick v. Independent Sch. Dist.,* 53 Iowa 585; *Park v. Independent Sch. Dist.,* 65 Iowa 209; *Jackson v. Independent Sch. Dist.,* 110 Iowa 313; *Cochran v. Independent Sch. Dist.,* 207 Iowa 1385. Elucidation may be found in a reference to Section 4298, supra, of the Code, wherein it is said:

"Any person aggrieved by any decision or order of the board of directors of any school corporation *in a matter of law or fact* [the italics are ours] may \* \* \* appeal \* \* \* to the county superintendent \* \* \*."

On the hearing before the county superintendent, witnesses again may be examined. About this, Section 4300 of the 1927 Code says:

"At the time fixed for the hearing, he [the county superintendent] shall hear testimony for either party, and may cause the same to be taken down and transcribed by a shorthand reporter * * *, and he [the county superintendent] shall make such decision as may be just and equitable, which shall be final unless appealed from as hereinafter provided."

Complaint is not made that the informalities charged to the school board again occurred before the county superintendent. But, it is maintained, the board, because of the irregularities, had no jurisdiction, and consequently the superintendent could acquire none. There is involved, then, a discussion concerning the very purpose of the appeal to the county and state superintendents. The discovery is made, while pursuing this subject, that the point has been previously decided by this court. Our opinion in *Kirkpatrick v. Independent Sch. Dist.* (53 Iowa 585), supra, suggests:

"We may say further that we think that the plaintiff has misconceived the intent of the statute. The nullity of the action of the board is based upon what the plaintiff calls a want of jurisdiction of the board to take action without giving the plaintiff an opportunity to be present. The plaintiff's error has arisen, we think, from supposing that the statute was designed to constitute the board substantially a court. It was really in this case the agent of an employer, undertaking, as such agent, to discharge an employee. Under the statute, it could properly do so only after taking certain prescribed steps. It may, perhaps, be said to exercise judicial functions, but it does so only in a very slight sense. It is certainly not a court, and the rules in regard to jurisdiction are not applicable to it which are applicable to a court. * * * So, too, where the board, as in this case, is guilty of irregularity, we think the teacher, if aggrieved, should appeal."

Again, in *Jackson v. Independent Sch. Dist.* (110 Iowa 313), supra, on page 317, we declared:

"Nor does it make any difference that the decision on appeal

was not based upon the merits of the controversy between the parties, but was placed on the ground that plaintiff had not been given a hearing before the board."

Manifestly, if, as in the *Kirkpatrick* case, a teacher who was denied a hearing by the board must appeal to the county superintendent, in the present controversy he must likewise appeal, when a hearing was not denied, but, at most, irregularly permitted. All the authorities relied upon by appellant can be harmonized with the pronouncement just made. If the board does not have jurisdiction, it cannot dismiss the teacher or set aside his contract. Every case cited by appellant involved situations where the school board attempted to act without statutory power. Sometimes this was under an attempt to enforce illegal or unauthorized rules, misappropriate taxes, wrongfully locate a school building, etc. An illustration of this thought was expressed in *Courtright v. Consolidated Ind. Sch. Dist.*, 203 Iowa 26, on page 29, in the following language:

"At the outset, certain legal propositions may be reaffirmed. A school board is without authority to dismiss a teacher under a valid contract of employment, unless the act of dismissal is in accordance with the requirements of statute. *Hull v. Independent Sch. Dist.*, 82 Iowa 686; *Burkhead v. Independent Sch. Dist.*, 107 Iowa 29; *Schultz v. Consolidated Ind. Sch. Dist.*, 200 Iowa 293. A teacher who is discharged for reason or cause not defined or within the purview of the statute is entitled to commence his action for damages without first appealing to the county superintendent to have determined whether or not his dismissal was wrongful."

Stating the converse of that rule, however, we said in the *Courtright* case (203 Iowa 26), supra, concerning the law where the board does have jurisdiction:

"The county and the state superintendents have sole jurisdiction of the question whether or not a teacher has been wrongfully discharged by the board, upon appeal of the teacher. The affirmance of the action of the board by the statutory school authorities is final, and the appellant may not thereafter resort to the court for legal remedy."

Doubt cannot exist concerning the original jurisdiction of

the school board in this case. Grounds for appellant's dismissal were those named in the statute. Exception concerning this is not taken by appellant. Jurisdiction having vested in the first instance, it remained, under the circumstances. Clearly the school board had a right to make a mistake, as well as to decide correctly. Relief from such errors is afforded, under the statute, through the appeals above mentioned. We do not here decide whether, in any event, certiorari or some other remedy can be invoked against the county or the state superintendent. Under the record in this case, the parties assumed that this particular school superintendent was a teacher, within the statute considered. The question that a school superintendent, in any event, is not a teacher, under this law, has neither been raised nor argued, and therefore we do not decide it.

Wherefore, the demurrer was properly sustained, and the judgment of the district court should be, and hereby is, affirmed. —*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, ALBERT, and GRIMM, JJ., concur.