Mabel **GRIFFITH**, Appellant,

v.

**RED OAK COMMUNITY SCHOOL DISTRICT, Successor to the Coburg Consolidated School District, Appellee.**

No. 53304.

Supreme Court of Iowa.

April 8, 1969.

Davidson & Hemphill, Clarinda, for appellant.

R. John Swanson, Red Oak, for appellee.

MASON, Justice.

In this law action Mabel Griffith seeks $4000, alleging breach of a contract originally made March 17, 1966, with the Coburg Consolidated School District to teach for the school term 1966–67, that the contract was not terminated by the Coburg board under section 279.13, Code, 1966, and thus stood affirmed under section 275.33 for the following term.

Plaintiff taught in the only school building in the Coburg district for one term under the contract. July 1, 1967, the Coburg district was placed in the Red Oak Community School District by the Montgomery County board of education and dissolved by operation of law. Plaintiff's claim is for salary allegedly due under the contract for the school year 1967–68. The Red Oak district as successor to the Coburg district is defendant.

Trial to the court on agreed statement of facts resulted in dismissal of plaintiff's petition at her costs. She appeals from this adverse judgment.

I. It is conceded the Red Oak district was charged with knowledge of the existence and provisions of plaintiff's contract and became obligated thereby when the Coburg area was assigned to it July 1. When no notice of termination was given, plaintiff's contract was automatically continued under section 279.13 which as then in force provided in part:

"Said contract shall remain in force and effect for the period stated in the contract and thereafter shall be automatically continued in force and effect for equivalent periods, except as modified or terminated by mutual agreement of the board of directors and the teacher, unless terminated

as hereinafter provided. * * * The board may by a majority vote of the elected membership of the board, cause said contract to be terminated by written notification of termination, by a certified letter mailed to the teacher not later than the tenth day of April; * * * In the event of such termination, it shall take effect at the close of the school year in which the contract is terminated * * * The foregoing provisions for termination shall not affect the power of the board of directors to discharge a teacher for cause under the provisions of section 279.24. * * *."

The contract was not affected by the school reorganization. Section 275.33 provides:

"Contracts not affected. The terms of employment of superintendents, principals, and teachers, for any current school year shall not be affected by the formation of the new district."

Plaintiff's contract provided she was to perform the duties "of elementary teacher and such other duties as may be assigned in the schools of the Coburg Consolidated School District, such other duties to be more specifically as follows: kindergarten duties (½ day a. m.), other duties in p. m.— remedial reading and P.E. K-4—or arranged schedule."

In the contract the Coburg district specifically reserved the right to discharge plaintiff for cause under section 279.24 which provides:

"Discharge of teacher. The board may, by a majority vote, discharge any teacher for incompetency, in attention to duty, partiality, or any good cause, after a full and fair investigation made at a meeting of the board held for that purpose, at which the teacher shall be permitted to be present and make defense, allowing him a reasonable time therefor."

II. At the time of consolidation, although defendant district had constructive

notice, it was without actual notice of plaintiff's contract. There was no copy of it in the Coburg file. Without actual knowledge of plaintiff's contract, the Red Oak district hired a kindergarten teacher for the Coburg school for the 1967–68 term.

In some manner, not entirely clear, the Red Oak district learned of plaintiff's contract and on August 16 invited her in writing to bring it to a conference with the superintendent. August 23 plaintiff appeared at the superintendent's office without her copy of the contract. The superintendent informed her the Red Oak district recognized her contract as one of full-time employment, that she was assigned as a study hall supervisor at the Stennett Educational Center, within the district but about 25 miles from Coburg, her duties would commence August 24 when she would report to a workshop of all teachers in the district to be held in Red Oak August 24 and 25. Plaintiff did not attend the workshop but her name was read out as a Stennett teacher.

August 28, the first day of school, plaintiff appeared at the Coburg education center and stated she was ready, willing and able to commence her duties as set forth in her contract, set out supra. The superintendent again advised her that her duties were at Stennett and she would go there. Plaintiff did not report at the Stennett Educational Center nor render any service at the Coburg school.

III. September 27, 1967, plaintiff filed petition, October 9 defendant filed motion to dismiss for lack of jurisdiction of the subject matter. Defendant's motion included details of a special Red Oak school board meeting held August 28 at which by unanimous action of the board, it was concluded to call a special board meeting as provided by section 279.24 to take action on the possibility of discharging plaintiff. Defendant alleged plaintiff was given notice of the time and place of the hearing, she failed to appear in person but did so by counsel at the September 5 hearing, the board determined to discharge plaintiff for inattention to duty and plaintiff was given notice of the board's action. Minutes of the meeting and proof of service of notice were attached to the motion.

Defendant's motion is based on the contention plaintiff's remedy is under section 290.1 which provides:

"Appeal to county superintendent. Any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent of the proper county; the basis of the proceedings shall be an affidavit filed with the county superintendent by the party aggrieved within the time for taking the appeal, which affidavit shall set forth any error complained of in a plain and concise manner."

After plaintiff filed resistance to the motion, it was overruled and defendant filed answer, asserting in a separate division (see rule 79, Rules of Civil Procedure) as a special defense substantially the same facts.

Defendant district alleged plaintiff was not qualified for a portion of the duties called for in the contract, had no approval statement on file as required therein, had no valid certificate to teach a special subject—physical education—under the regulations of the Iowa Department of Public Instruction, failed to attend the teachers meetings and workshop sessions scheduled for all professional personnel of the district and failed to perform assigned duties as an elementary teacher. It further asserted the language in plaintiff's contract, set out supra, referred to "schools" in the plural and while there was only one school in the Coburg district, there were several in the reorganized Red Oak district.

Plaintiff's motion to strike the eight paragraphs of this separate defense was combined with motion for judgment on the pleadings. Although defendant's certificate of readiness indicated these motions were to be heard March 25, the matter was continued until April 22 when a stipulation of facts, written briefs and oral arguments were presented to the court. Neither of these motions was specifically ruled on although the court calendar entry indicates the case was submitted. The court's judgment dismissing plaintiff's petition was filed April 22.

Defendant argued that each of the matters alleged in its separate defense constituted specific conditions precedent to be performed by plaintiff under the contract; by reason of her failure to perform them as required she has no right of recovery against defendant for breach of contract.

Plaintiff, on the other hand, contended defendant's employment of a kindergarten teacher for the Coburg school and its refusal to permit her to teach kindergarten in that school constituted an anticipatory breach by the school board. She also asserted that because of this breach it was unnecessary for her to do anything more to comply with the contract than present herself at Coburg.

The court found defendant's contention had merit in view of the admitted facts; defendant had not waived these conditions or prevented plaintiff from complying with them; and defendant's failure to assert this legal defense when plaintiff was discharged by administrative procedure under the statutes did not preclude it from relying on it in the present action. It held plaintiff's failure to perform the conditions precedent constituted a proper defense to the action.

IV. Plaintiff assigns nine errors relied on for reversal. The first three complain of the court's treating the April 22 hearing as a trial on the merits when questions of law arising from her motion for judgment on the pleadings and motion to strike had not been ruled on. The next two assert the court erred at the April 22 hearing in considering defendant's motion to dismiss for lack of jurisdiction and attached exhibits which had previously been overruled. The remaining assignments challenge the court's finding plaintiff had failed to perform express conditions precedent.

As stated, plaintiff contends her cause of action is for breach of a contract to teach kindergarten, remedial reading and physical education through the fourth grade at Coburg school; defendant's hiring a new kindergarten teacher for Coburg, refusing to permit plaintiff to perform duties there under a valid existing contract and attempting to transfer her to Stennett constituted breach of her contract the cause of action for which accrued before her dismissal by the board's action September 5.

Defendant contends that since there was substantial compliance with section 279.24, supra, in the board proceedings of September 5, the district court was without jurisdiction of the subject matter and its motion to dismiss should have been sustained. This attack upon the court's jurisdiction may be raised by motion to dismiss as well as at any other stage of the proceedings. Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, 338–339, and citations. Any error in wrongfully overruling the motion is not waived by pleading over or going to trial and may be assigned on appeal from the final judgment. Author's Comment to rule 110, R.C.P., which provides:

"Failure to move—effect of overruling motion. No pleading shall be held sufficient for failure to move to strike or dismiss it. If such motion is filed and overruled, error in such ruling is not waived by pleading over or proceeding further; and the moving party may always question the sufficiency of the pleading during subsequent proceedings."

We consider this contention before taking up plaintiff's assigned errors.

Stated otherwise, defendant asserts there was no attempted rescission of plaintiff's contract by the board but recognition of it as one of "full-time employment"; plaintiff's discharge was under section 279.24 for reason or cause defined or within the purview of this statute, thus she was not entitled to commence action for damages without first appealing to the county superintendent to have determined whether her dismissal was wrongful. See Schultz v. Consolidated Ind. School Dist., 200 Iowa 293, 298–300, 204 N.W. 281, 283–284; Courtright v. Consolidated Ind. School Dist., 203 Iowa 26, 29–30, 212 N.W. 368, 369.

It further maintains plaintiff participated in the September 5 meeting through her attorney and was thereafter discharged. If she did not approve the board's decision she could have appealed to the county superintendent. Defendant relies on Van Peursem v. Consolidated Ind. School Dist., 240 Iowa 1100, 1106–1107, 38 N.W.2d 615, 618, where we said a teacher aggrieved by board action where she participated in the meeting and was thereafter discharged for reason or cause defined in the statute has no right to maintain an action at law.

■ Ordinarily where an administrative procedure such as the right of review of the board's action under chapter 290 is provided by statute, such remedy must be exhausted before a litigant may resort to the courts. In Elk Run Telephone Co. v. General Telephone Co., Iowa, 160 N.W.2d 311, 315, we said, "Virtually all authorities hold when authority is delegated to an administrative officer or body, such delegation within its terms and limitations is primarily exclusive unless a contrary intent is clearly manifested by the legislature." In Northwestern Bell Telephone Co. v. Hawkeye State Telephone Co., Iowa, 165 N.W.2d 771, filed March 11, 1969, we quoted the above statement with approval. This statute does not manifest any contrary intent

and as applied to the question whether plaintiff's discharge was wrongful, the doctrine of exhaustion of administrative remedies would require that she appeal the board's decision as directed in section 290.1 before commencing suit on the contract.

The trial court adopted plaintiff's theory realleged in resistance to the motion—that her cause of action was for breach of contract which had accrued before the board's action of September 5—and refused to dismiss her petition.

It must be conceded defendant's motion to dismiss is based on facts not stated in the petition—details of the August 28 and September 5 .board meetings leading to plaintiff's dismissal under section 279.24.

"Under our procedure a motion to dismiss is the successor to the demurrer and must be based upon matters alleged in the petition, admitting their truth for the purpose of testing their legal sufficiency. When demurrers were permitted, a demurrer grounded ,on claimed facts not alleged in the pleading attacked, was designated a 'speaking' demurrer and courts disregarded such averments. To the extent a motion to dismiss offends in this manner it must also be disregarded. Bales v. Iowa State Highway Commission, 249 Iowa 57, 62, 86 N.W.2d 244, 247–248; Herbst v. Treinen, 249 Iowa 695, 699, 88 N.W.2d 820, 823." Carmichael v. Iowa State Highway Commission, Iowa, 156 N.W.2d 332, 339.

■ Although this would have been an acceptable ground on which to have overruled defendant's motion, the fact the court based its ruling on another does not aid defendant here. Its contention as to its motion cannot be sustained.

It is true defendant alleged substantially similar facts in its separate defense but we cannot say they stood admitted under this record. The parties' stipulation on which the case was submitted did not mention facts leading up to and taking place at the two board meetings. Of course, neither a speaking motion nor exhibits attached

thereto can furnish an evidentiary basis to sustain defendant's contention.

V. In support of her first three assigned errors plaintiff maintains the April 22 hearing should have been restricted to arguments on her motions to strike and judgment on the pleadings which had not been ruled on. Instead the court treated the hearing as a submission on the merits thus depriving her opportunity to file reply and affirmative defenses.

As previously noted, neither motion was ruled on. It was plaintiff's duty to request or demand such a ruling. No such request or demand was made and the matter might be deemed waived. See Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 721, 107 N.W.2d 85, 93–94, and citations.

"Although an appellate court will examine the contention presented by a motion pressed in the court below and considered by that court, a motion which, so far as appears from the record, was never decided or ruled on below presents no question for decision in the appellate court." 4 C.J.S. Appeal and Error § 321 e.

The record presents no question for review under these assignments.

VI. Plaintiff in her fourth and fifth assignments contends the court erred in considering defendant's motion to dismiss for lack of jurisdiction and attached exhibits over her objection.

Its judgment is not based on the portion of defendant's separate defense asserting lack of jurisdiction because of plaintiff's disregard of chapter 290 providing for appeals from decisions of boards of directors of school corporations. It merely made a finding defendant was not precluded from relying on plaintiff's nonperformance of conditions precedent specified in the contract as a defense to plaintiff's action because it had not asserted such fact as a basis for her discharge September 5.

The court held plaintiff's failure to perform the conditions precedent as alleged by defendant constituted legal excuse for its nonperformance of the contract.

Plaintiff's contentions urged under these assignments are without merit.

VII. This being a law action tried to the court, it is reviewable on errors assigned and is not triable de novo here. Rule 334, R.C.P. Thus, the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Further, we must construe the evidence in the light most favorable to the trial court's judgment, and this court will not weigh the evidence or pass on the credibility of witnesses. Naxera v. Wathan, 261 Iowa ——, ——, 159 N.W.2d 513, 516, and citations.

As before indicated, plaintiff asserts defendant's action in employing a kindergarten teacher for the Coburg school and its refusal to permit plaintiff to teach kindergarten in that school constituted an anticipatory breach, that is a situation "where there is a repudiation of the obligation of a contract by a party to it before the time has come for performance on his part." 11 Williston on Contracts, Third Ed., (By Jaeger), section 1300. "A breach of contract is a failure, without legal excuse, to perform any promise which forms the whole or part of a contract." Williston on Contracts, supra, section 1290. See also 17 Am.Jur.2d, Contracts, section 441.

The court found defendant did not repudiate the contract. It reasoned that if defendant was charged with constructive knowledge of plaintiff's employment contract and the terms thereof as of July 1, 1967, it would logically follow defendant was charged with knowledge plaintiff had no valid certificate meeting the requirements of the Iowa Department of Public

Instruction and it therefore had a right to hire a qualified kindergarten teacher and assign plaintiff to a different job. The court refused to accept plaintiff's contention the contract language is so restrictive she must be employed in the Coburg district even though she was not qualified under the department rules.

Defendant's assigning plaintiff to perform duties on a full-time basis in work for which she was qualified and legally certified was not a repudiation of her contract. It is admitted plaintiff's approval statement carries no endorsement sanctioning plaintiff to teach physical education or any special subject. Section 260.6 stipulates "Every person employed as an administrator, supervisor, or teacher in the public schools shall hold a certificate valid for the type of position in which he is employed." If plaintiff did not have qualifications meeting requirements for a particular teaching assignment, she cannot complain because of assignment to a position for which she was qualified.

The contract involved contains the following:

"IT IS FURTHER AGREED:

" * * *

"(b) That she holds a valid certificate which meets the requirements of the Iowa Department of Public Instruction for approval in the position specified by this contract, and that Mabel Griffith will register such certificate with the County Superintendent of Montgomery County, before beginning to teach, as provided by law.

"(c) That she possesses the scholastic and professional qualifications designated by the Iowa Department of Public Instruc-

tion, for the duties specified by this contract.

"(d) That she shall attend such meetings of professional interest and growth as required by the superintendent, and approved by the Board of Education."

The court held the foregoing created conditions precedent, and as stated, nothing in the record indicated defendant waived these conditions or prevented plaintiff from complying with them, plaintiff failed to perform them as required by the contract and was not entitled to recover.

We agree. The following statement from 17 Am.Jur.2d, Contracts, section 361, is support for the holding:

"The rule is that conditions agreed to by a party to a contract must be performed, unless the performance thereof is waived or prevented by the other party, or unless he repudiates the contract; in other words, before liability can arise on a promise qualified by conditions, express or implied in fact, in the absence of such waiver, prevention, or repudiation, the conditions must be fulfilled. Where parties capable of contracting deliberately enter into a written contract by which there is created a condition precedent to a right of action, such condition must be performed or its requirements waived or excused." See also 17A C.J.S. Contracts § 456; 5 Williston on Contracts, supra, section 675.

Plaintiff's performance was not excused. Substantial evidence supports the court's holding.

The case is

Affirmed.

All Justices concur.