José M. Gallardo, Commissioner of Education of Puerto Rico, Petitioner, *v.* R. Agraít Aldea, Judge of the District Court of Arecibo, and Victor Rosario, Respondents.

No. 76. Submitted January 18, 1941.—Decided February 19, 1941.

*George A. Malcolm, Attorney General,* and *A. Torres Braschi, Assistant Attorney General,* for petitioner; *R. Agraít Aldea, pro se; Virgilio Brunet,* for defendant Rosario.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The Commissioner of Education of Puerto Rico, through the Attorney General, filed a petition for a writ of prohibition in this Court against the Judge of the District Court of Arecibo and Víctor Rosario, to order them to abstain from further proceedings in the case pending before the court between Rosario and the Commissioner, civil No. 2739, an appeal filed according to Act No. 29 of 1931, Section 4, (p. 312).

A preliminary writ was issued and a hearing was held on January 13. The petitioner and respondent appeared through their respective counsel. The original record of civil case No. 2739 of the District Court of Arecibo was admitted in evidence and the petitioner was given five days to file a brief and the defendant two to answer. On January 18 the case was definitely submitted for decision of the Court.

The question to be decided is if the law cited—Act No. 29 of 1931—authorizes the district court to hear the appeal filed by Rosario against a certain decision of the Commissioner of Education.

The decision is embodied in a letter which literally copied reads as follows:

"June 17, 1940.—Mr. Víctor Rosario, Arecibo, Puerto Rico.— Dear Mr. Rosario: After giving you a hearing on the charges preferred against you on January 8, 1940, and after careful consideration of the record of the case, I have come to the conclusion that the evidence presented warrants your suspension from the service. Therefore, you are hereby suspended without pay from January 8, 1940, to the end of the school year 1939–40; that is, to June 14, 1940. Furthermore, for the good of the service, you shall be given an assignment for the year 1940–41 in a school district other than Arecibo.—Very truly yours, (Sgd.) José M. Gallardo, Commissioner of Education."

And the applicable part of the act is Section 4, which reads as follows:

"Section 4.—The Commissioner of Education shall cancel the certificates of any teacher, principal or superintendent of schools when, through an investigation conducted according to law, the holder of any certificate shall be found guilty of cruelty, immorality, incompetence, insubordination, or negligence in the discharge of duty, in the judgment of the Commisisoner of Education; *Provided,* That the teacher affected shall have the right to appeal before the district court within the jurisdiction of which he is domiciled, not later than thirty days counting from the date when the Commissioner of Education shall have given notice of the decision cancelling the certificate. Said appeal shall be prosecuted by filing in the corresponding district court a document containing the findings of law and of fact on which the appellant bases his appeal. Notice of this document shall be given to the Commissioner of Education in such manner as the court may prescribe, and the Commissioner shall answer the claim within the ten days following the date on which it is instituted.

"After the answer is filed, the court shall fix a day within the ten days following the said filing for the hearing of the case, and

in this action the Commissioner shall present evidence in support of his decisions and the appellant in support of his, if there be such, or if it is necessary.

"It shall be the duty of the district court having cognizance of the case, to render judgment not later than the twentieth day after the hearing is held; *Provided,* That the judgment rendered in said case shall be final for both parties, and no appeal shall lie therefrom."

The District Court of Arecibo before which the question was raised did not definitely decide it. After fully hearing the parties, it denied the motion of the Commissioner to dismiss the appeal, because it thought that it was as yet not in a condition to decide whether or not it had jurisdiction, and gave the Commissioner 15 days to answer, reserving to him the right to later raise the issue of law stated in his motion.

This decision was based on the following:

"(1) On July 15 an appeal was filed before this Court from a decision rendered by the Commissioner of Education of Puerto Rico, dated June 17, 1940, upon certain charges preferred against the appellant Víctor Rosario, professor of Manual Arts, for immoral conduct while under contract as teacher in the schools of Puerto Rico. The appeal is based on Section 4 of Act No. 29 of April 23, 1931.

"The Commissioner of Education was given 10 days to answer the appeal and within that time he presented a motion praying that the appeal be dismissed for reasons which we will discuss later. The court heard the parties and accepted written briefs.

"(2) The reason which defendant alleges for the dismissal of the appeal is that Section 4 only authorizes one appeal, in case the license of the teacher is cancelled when the charges are decided; and that as the ruling in this case did no such thing, the court has no jurisdiction to review the ruling of the Commissioner of Education.

"Upon reading Section 4 of Act No. 29, at first it appears to uphold the objection of the respondent. Nevertheless, if the fact that the Legislature gave the district courts a right to review the decisions of the Commissioner when charges are preferred against teachers, is considered, this appears to indicate that the literal provision contained in said Section, limiting the appeal to a case in

which the license is cancelled, might have been done to coincide with the beginning of said Section which awards authority to cancel, and it is doubtful if it was the intention of the legislator to give the Commissioner the only alternative of cancelling or acquitting.

"The ommission to authorize in an express manner the same right of appeal in regard to any other decision finding the teacher guilty and imposing a punishment which will have the same moral and material effect as if the license were cancelled, might have been involuntary because the Legislature understood that said right was included in the spirit of the law. If the Commissioner could proceed as he did, outside of the literal meaning of said Section and impose a punishment on the appellant which was not a cancellation of his license and which goes so far as to confiscate salaries, then the doubt becomes stronger in regard to whether an appeal lies from any decision finding the teacher guilty.

"The appellant alleges that although in fact his license was not cancelled, his suspension from his position which had been ordered was made definite, thereby depriving him from working for a greater part of the school year, and that the Commissioner decided that the appellant could not collect his salary (authority for which does not appear in Section 4) and that also in the decision he is denied an opportunity to continue teaching in the city of Arecibo where he has acquired the right of permanent teacher according to Act No. 312 of 1938; and that Section 5 of said Act only establishes a temporary suspension while the charges are being heard.

"This law in regard to permanent teachers proposed by the Commissioner himself, has greatly changed the general discretion which the Chief of the Department of Education previously had with respect to the appointment of teachers under contract, especially in regard to transfers.

"The regulation by law as to the preferment of charges and removal of teachers notwithstanding the great discretion which the Commissioners and Superintendents of Schools of the United States have, has been declared constitutional in many cases, even when the appointment is by contract. (*Chehock* v. *Independent School District of Marion*, (Iowa), 228 N. W. 585.)

"The appellant also alleges that the decision of the Commissioner is equivalent to a removal during the time which he was deprived of his position and salary, if he is innocent; and that it is equal to, as a matter of fact, a cancellation of his license during that time, and that therefore he has a right to appeal.

"The argument is one which tends to convince from a realistic point of view even though it is on the border line of legal technique. The Commissioner relies exclusively on the letter of .Section 4 which limits appeals to cases of cancellation of license; nevertheless, the contention of the appellant is not lacking in logic when he also relies exclusively on the letter of said Section, alleging that if said Section only gives the Commissioner authority to cancel if the teacher is guilty, any other decision rendered, and which may in effect be a cancellation or destitution is a subterfuge to avoid a review of his decision by the courts, as was intended by the Legislature. In other words, that any abuse could be committed upon a professor by any drastic resolution as long as it was not called a cancellation.

"A suspension by itself, would be included within the provisions of said Section if considered together with other Sections of the School Law of Puerto Rico and of the law in regard to permanent teachers. When charges are preferred against an officer for immoral conduct generally his suspension is decreed until a decision is rendered; but the imposition of a penalty in regard to salaries when he is not dismissed and ordering the teacher to abandon his domicile where he has his home and perhaps other interests, may be in certain cases a shrewd way to force him to resign and the decision would then have the effect of the cancellation of his license.

"The license is nothing but the authority to practice. If the teacher is forced to resign he is in the same situation as if his license had been cancelled. Section 23 of Act No. 29 of 1931 says as follows:

" 'This Act shall be interpreted and applied in such a manner as will result most liberally and advantageously in guaranteeing the rights now enjoyed by teachers. . .' "

The judge cites from Corpus Juris, Vol. 56, pp. 398 and 300, certain paragraphs which summarize the jurisprudence which although related to this question, does not decide the exact point involved herein, and then continues:

"The question so stated, it is doubtful whether or not we have jurisdiction. We have no interest in intervening with the discretion of the Department of Education and we would be the first to applaud if through drastic measures it imposes morality in everything related to schools, but neither do we wish to evade our responsibility of acting to protect the rights of teachers, if the law gives us such jurisdiction.

"The question raised is difficult to decide without hearing the evidence in regard to the facts, and without knowing the true prejudice which would be caused to the appellant if the decision of the Commissioner were accepted and he were bound to work in a different municipality. Said evidence might determine if the transfer would be equivalent to a forced resignation because he was unable to comply with it; in which case we would have something similar to a cancellation of his license. Under such circumstances the right to appeal would be at least implicit.

"On the other hand, it might be that the evidence that the Commissioner had before him was of such a nature that the transfer was indispensable for the good of the service and then we might conclude that if after the approval of the Act in regard to permanent teachers, the statute does not confer on the Commissioner the authority to transfer because there are no rules to that effect, the responsibility imposed upon him by the Organic Act in regard to education in Puerto Rico would perhaps include the authority to transfer for the good of the service; but to reach that extreme conclusion we must know what was the evidence in regard to the conduct of the teacher. Otherwise, the Act in regard to permanent teachers could be put into effect in a capricious manner."

We have copied the opinion of the lower court because it gives a certain color to the question involved and because it reveals a careful study of the same and a wish to do justice, but we can not agree with the conclusion which it sets forth.

The law is final. It begins by granting to the Commissioner the authority to cancel the license of teachers for the reasons and in the manner established and later it provides that the teacher "shall have the right to appeal before the district court . . . not later than thirty days counting from the date when the Commissioner . . . shall have given notice of the decision cancelling the certificate." And the law provides more. It provides that the judgment which may be rendered on appeal "shall be final for both parties, and no appeal shall lie therefrom." Which means that the case is decided finally in the district court.

We are concerned then, with a special appeal given within a law which is also a special law, and which only refers

to cancellations. And as the Commissioner did not cancel the teacher's license and as this appears in a definite manner from the decision from which the teacher appeals, it is clear that the appeal does not lie, and that the district judge had no jurisdiction to decide the question presented to him within the procedure chosen by the teacher. The terms of the decision of the Commissioner are so clear and precise that the further investigation ordered by the court is unnecessary.

We have emphasized the special character of the remedy involved and its limitations because this is not the case of an ordinary remedy in which the interested parties could proceed under a liberal interpretation of the law and following the modern tendency of opening the doors of the courts to do justice to all by eliminating technicalities, (*Escartín* v. *Insular Police Commission*, 47 P.R.R. 473) but that of a procedure established for a certain kind of cases whose final decision is placed in the hands of the district court.

Besides, the fact that this special proceeding does not lie, does not imply that the teacher is being deprived of his right to have the case heard by the courts in proper cases. If the proceedings against him were arbitrary, if he was deprived of his property without authority or reason, he has other means of exercising his suits before the district courts and even before this Court.

Therefore, the Judge of the District Court of Arecibo and the teacher Víctor Rosario are definitely ordered to abstain from further proceedings in case No. 2739, which case shall be filed away.